# Philadelphia to use *v.* Pierson, Appellant.

*Principal and surety—Subcontractor—Contractor's bond—City of Philadelphia—Judgment.*

In an action on a bond given to the city of Philadelphia by a contractor for a school building to secure subcontractors and materialmen, where it appears that judgment had been entered by default against the contractor for the price of the material furnished by plaintiffs, as set forth in the contract, the plaintiffs may offer in evidence the contract and the record of the judgment against the contractor to establish the amount of their claim, without producing any independent evidence as to the market value of the work and materials furnished. Independent evidence would only be required if mistake or collusion between the contractor and the plaintiffs to defraud the surety were shown.

In such a case the defendant cannot claim that the action is premature because the contract provided that the plaintiff was to be paid only in proportion as the contractor received his payments from the city, and that five per cent was to be retained for a year after final payment by the city, and that this time had not expired. The surety's undertaking is to pay what becomes due from the contractor to the plaintiff on the former's default. The judgment against the contractor is therefore conclusive.

In an action by a subcontractor against a surety in a penal bond given by a contractor, where the statement of claim avers distinctly that a bond of indemnity against costs had been given by the use plaintiff, and been approved by the city solicitor, and the defendant raises no issue as to this averment either by plea in abatement, or notice under special matter, but files the general plea, the plaintiff is not called upon at the trial to prove affirmatively the approval of the indemnity bond by the city solicitor.

Argued Jan. 18, 1907. Appeal, No. 343, Jan. T., 1906, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1903, No. 3,692, on verdict for plaintiff in case of City of Philadelphia to use of the Penn Metal Ceiling & Roofing Company, Limited, v. George W. Pierson and The Lincoln Savings & Trust Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a penal bond.

The facts are stated in the opinion of the Supreme Court.

Defendant presented the following points:

1. Under all the evidence in the case, the verdict of the jury must be for the Lincoln Savings & Trust Company, defendant. *Answer:* Refused. [1]

2. If the jury believe that only a part of the work which the use plaintiff agreed to perform was finished on October 1, 1903, at the time the architect for the board of public education made his estimate of work done on the schoolhouse on which he based the amount of the payment made by the city on October 13, 1903, then, at the time the use plaintiff brought this suit, it was entitled to sue only for the value of eighty per cent of the work completed by it on October 1, 1903. *Answer:* Refused. [2]

3. As the contract between George W. Pierson and the use plaintiff provides that five per cent of the contract price shall be retained until one year after the city of Philadelphia shall have made final payment for the building, and as the plaintiff has shown that it brought suit before the said year expired, the use plaintiff is not entitled to recover five per cent of its contract price. *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $1,761.61. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*John Kent Kane,* for appellant.—A material man who has a claim against a city contractor cannot recover from the surety on the penal bond, given to the city to secure subcontractors and materialmen, where the bond of indemnity against costs required by the ordinance, and made a condition precedent to the right to use the city's name, was not shown to have been executed and filed by the plaintiff or approved by the city solicitor : Harrisburg v. Mish, 14 Pa. Superior Ct. 496 ; Reilly v. Philadelphia, 60 Pa. 467 ; Fell v. Phila., 81 Pa. 58 ; Bladen v. Phila., 60 Pa. 464 ; Norwegian Street, 81 Pa. 349.

In the case at bar the plaintiff would have no right to use the city's name, were it not for the ordinance, and even with the ordinance it had no right to use the city's name unless it complied with the condition precedent as to giving a bond for costs : Ammerman v. Stone, 11 Pa. Dist. Rep. 726.

A material man who has a claim against a city contractor cannot recover from the surety on the penal bond the contract price, where the only evidence offered is that the plaintiff complied with his contract, which was general in its terms and for a lump sum, and that the contractor had not paid him and there was no evidence as to the market value of the work and labor done and materials furnished : Lee v. Burke, 66 Pa. 336 ; McCune v. Hatch, 18 Pa. Superior Ct. 469 ; Philadelphia v. Malone, 214 Pa. 90 ; Grier Bros. v. Assurance Co., 183 Pa. 334.

A material man who has a claim against a city contractor cannot recover from the surety on the penal bond, where the contract with the city contractor provided for the payment of a lump sum in proportion as the city contractor should receive his payments from the city, not over eighty per cent of the value of the work done and materials furnished, until all the contract had been completed, and then not over ninety-five per cent, the balance of five per cent to be retained by the contractor until one year after the city shall have made final payment, and there is no evidence at the time the city made any payments, prior to the bringing of suit, what percentage of the plaintiff's work had been done, or what proportion, if any, of the subcontractor's " work done and materials incorporated in said building " was included in any said payments by the city prior to suit, or that the contract with the city was completed : Philadelphia to use v. Pierson, 211 Pa. 388.

*George Douglass Codman,* with him *Ruby R. Vail* and *Edward W. Magill,* for appellee.—The filing of a bond of indemnity against costs with the city solicitor, required by ordinance for the right to use the city's name in a suit on the penal bond, is but a formal requisite prior to the issuing of the writ. Proof of filing the same and the approval thereof is not necessary upon the trial of the cause, where the statement of claim makes a clear and precise averment of the filing of such a bond and the approval thereof by the city solicitor, and there is no responsive denial thereto in the affidavit of defense or proof to the contrary upon the trial of the cause : Philadelphia to use v. Pierson, 211 Pa. 388 ; Apthrop v. North, 14 Mass. 167 ; Dedham Bank v. Chickering, 20 Mass. 335 ; Bank of U. S. v. Dandridge, 25 U. S. 64.

The sum due in this case was already determined as a matter of record by judgment in this case against the principal. The verdict against the surety on the penal bond was determined by the judgment already obtained against the principal.

OPINION BY MR. JUSTICE STEWART, February 25, 1907:

George W. Pierson, one of the defendants in the action below, contracted to erect a school building for the city of Philadelphia. The use plaintiff, the Penn Metal Ceiling & Roofing Company, contracted with Pierson to furnish the steel ceiling required by the specifications, for the sum of $1,495. Pierson having failed to complete the building, the work was taken over and completed by the Lincoln Savings & Trust Company, the appellant here, Pierson's surety. The use plaintiff not having been paid for the ceiling, which it had furnished and put in place before Pierson's default with the work, brought this action upon the joint and several bond of Pierson and the Trust Company, which had been given the city to secure those furnishing labor and materials about the construction of the building. Judgment was taken against Pierson by default, for want of an affidavit of defense, for the sum of $1,499.23, and the case was proceeded with against the other defendant. On the trial the written agreement between contractor and subcontractor, showing the consideration agreed upon for the ceiling, was offered in evidence, as also the judgment obtained against Pierson in the action; but no independent evidence was adduced as to the market value of the work and materials employed in connection with the subcontract.

1. It is argued that recovery could be had only for the market value of such labor and materials, and as neither contract nor judgment established this, since presumably the subcontractor's profits were included in the contract price, the plaintiff's claim was wholly unsupported by the evidence. The answer to this is, that it is not so written in the bond. The obligation of the Trust Company was not to pay for labor and materials furnished according to their market value any more than it was Pierson's. The latter's obligation was to pay "any and all persons, any and all sum or sums of money which may be due for labor and materials furnished," etc.

Pierson could not have been heard to say in defense of the action that the contract price exceeded the market value of the labor and materials employed, for what was due to the plaintiff, and therefore recoverable, was such sum as he had agreed to pay for the ceiling. No more could the Trust Company, for the obligation was the same with respect to each. There is no pretense of unfairness in the contract, or that the ceiling came short of the requirements of the specifications. Had mistake, or collusion between Pierson and the use plaintiff to defraud the Trust Company, been alleged, the cost and value of the ceiling might properly have been inquired into, and the recovery against the defendant restricted so as to accord therewith. But there was nothing of the kind; what was due from Pierson was the contract price, and it was what was thus due that the Trust Company agreed to pay, if Pierson did not.

2. The contention that the action was premature, inasmuch as the contract provided that plaintiff was to be paid only in proportion as Pierson received his payments from the city, and that five per cent was to be retained for a year after final payment by the city, overlooks the significance of the judgment against Pierson. That judgment determined finally that there was then due and owing from Pierson to the plaintiff the sum of $1,499.23. What it determined cannot be made the subject of further litigation; the result there reached extends to every question in the proceeding which was legally cognizable: Lancaster v. Frescoln, 192 Pa. 452. When it is remembered that defendant's undertaking was to pay what was due from Pierson to the plaintiff on the former's default, it becomes apparent that the question so elaborately argued, as to when a right of action accrued under the contract, has no place in the present inquiry.

3. It was set out in the affidavit of defense that "deponent is informed that at the time the writ was issued in the above entitled case, the city solicitor had not in fact approved the bond of indemnity tendered to the city by the use plaintiff, and defendant therefore denies the allegations to that effect contained in the statement of claim." Such a qualified and indefinite statement in an affidavit of defense would be without any legitimate effect; but even were it otherwise, it could have no

effect in determining the issue to be tried.    The only purpose of an affidavit of defense is to avert summary judgment; the issue is determined by the pleadings in the case, and these alone.    Here there was a general plea, with notice of special matter.    This did not put in issue the fact distinctly alleged in the statement of claim filed, that the required bond had been approved by the city solicitor.    Under this general plea nothing was put in issue but the plaintiff's right and title to the thing claimed; that is to say, the right to compensation for the steel ceiling which, at its own proper cost and expense, it had furnished and put in place for the city.    The right to recovery in a particular action is one thing; the right to the thing itself, the subject of the action, is quite another.    Under a general plea the latter right may be contested; if the former be denied, such issue is to be raised by plea in abatement, or notice under the special matter filed.    As the case stood on the pleadings, the plaintiff was not called upon to prove affirmatively what appeared in his statement as matter of inducement.    It was said in Horan v. Weiler & Ellis, 41 Pa. 470, in reference to a like question arising on the pleading :    "If the defense could avail under any circumstances, it would be in avoidance, and would present an affirmative step to be taken by the defendant.    He would be bound both to plead and prove the matter he relied on."    Here the defendant elected to go to trial on an issue of its own choosing, and it is now too late to introduce another.

The assignments of error are without merit.    Judgment affirmed.