BAXTER COUNTY BANK *v.* OZARK INSURANCE COMPANY.

Opinion delivered March 6, 1911.

PRINCIPAL AND SURETY—CONCLUSIVENESS OF JUDGMENT AGAINST PRINCIPAL. —A judgment against an insurance company, in the absence of fraud or collusion, is *prima facie* evidence against the surety in a bond executed by the company for the benefit of its policy holders.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

STATEMENT BY THE COURT.

T. M. Montgomery brought suit against the Ozark Insurance Company to recover upon a policy of fire insurance issued by it to him, and recovered judgment. He caused an execution to be issued against the Insurance Company, which was returned *nulla bona.* Subsequently Montgomery sold and transferred his judgment against the Insurance Company to the Baxter County Bank.

The present suit was instituted by the Baxter County Bank and T. M. Montgomery against the Insurance Company and the sureties on its bond. At the trial the plaintiffs introduced in evidence the policy of insurance, a certified copy of the judgment of T. M. Montgomery against the Ozark Insurance Company and a copy of the bond of the Insurance Company. The bond was executed on July 18, 1905. After the introduction of this evi-

dence it was agreed in open court and admitted before the jury: "That the insurance policy filed as an exhibit to plaintiff's complaint was duly executed by the Ozark Insurance Company on the 5th day of June, 1905, and that the property described in said policy was destroyed by fire on the 5th day of September, 1905, and that the defendants filed and executed the bond sued on, being the bond filed as exhibit 'F' to plaintiff's complaint—the bond above referred to."

The court instructed the jury that the sureties were not liable on the bond and directed the jury to return a verdict for the defendants, which was accordingly done.

From the judgment rendered the plaintiffs have appealed.

*Horton & South* and *W. S. Chastain,* for appellant.

Copies of judgments and executions, when properly certified, prove themselves.    14 Ark. 9; 34 Ark. 645.    The judgment obtained against the insurance company is conclusive as to it, and *prima facie* as to its sureties.    89 Ark. 378; 53 Ark. 333; 51 Ark. 211; 39 Ark. 174; 20 Ark. 85; 39 Ark. 485.    The bond in force at the time of the loss is responsible for the loss.    92 Ark. 43; 76 Ark. 410.    The statute requiring the bond is a part of the contract.    16 Ark. 270; 40 Ark. 427; 76 Ark. 415; 28 Ark. 394.

*C. E. & H. P. Warner,* for appellees.

Appellees are not liable because their bond was not in force when the policy in question was issued.    76 Ark. 410.    The sureties are bound only by the strict letter of their contract.    89 Ark. 394; 52 Ark. 201; 92 Ind. 240; 87 Ind. 541; 9 Wheat. 703; 24 How. 315; 6 Ill. 582; 158 Pa. St. 392; 48 Ark. 442; 41 Mich. 227; 16 Ia. 85; 22 Ia. 362; 5 Pet. 389; 195 Ill. 451; 40 Pac. 472; 163 Ill. 467; 15 Ind. App. 575; 91 Fed. 476.

HART, J., (after stating the facts).    The judgment of T. M. Montgomery against the Ozark Insurance Company was regular on its face, and no evidence was introduced by defendants to impeach it.    "As a general rule, a judgment against an insurance company, if no fraud or collusion is shown, is evidence against the surety, in a bond executed by the company for the benefit of the policy holders." *Ingle* v. *Batesville Grocery Co.,* 89 Ark. 378.

The bond in this case is precisely similar in its terms to that in the case of *Crawford* v. *Ozark Insurance Co.,* 97 Ark. 549,

and this case is ruled by it. It is not necessary to repeat what was said there. The facts are the same, and this case is therefore controlled by it. It follows that the judgment must be reversed, and judgment will be entered here for the plaintiffs for the amount sued for.