## CASE *v.* YAZOO &. M. V. R. Co.

[74 South. 773, Division A.]

1. **CARRIERS.** *Excessive damages.* *Alighting at wrong station.*

   Where a female railroad passenger was set down at the wrong place and was forced to walk between a quarter and a half mile to the station, in the rain, a verdict in her favor for seven hundred and fifty dollars was excessive and the trial court should have set it aside unless a proper remittitur was entered.

2. **DAMAGES.** *Power of court to reduce damages.*

   In such case the judge of the trial court was without power to reduce the damages awarded to such an amount as in his opinion was proper and without plaintiff's consent to enter a judgment therefor. The proper procedure was to set the verdict aside and award a new trial unless plaintiff entered a proper remittitur.

APPEAL from the circuit court of Franklin county. HON. R. E. JACKSON, Judge.

Suit by Mrs. Allie Legett Case against the Yazoo & Mississippi Valley Railroad Company. From a reduced judgment, plaintiff appealed.

Appellant was plaintiff in the court below and brought an action against the appellee, claiming damages because of the alleged negligent acts of the servants of appellee in permitting her to get off of her train before it reached her station. It seems that the train upon which she was traveling ran over a torpedo and stopped about two thousand feet before reaching the station which was her destination, and, according to her testimony, when the train stopped she went to the steps and asked the flagman if this was where she got off, and was advised that it was, and the flagman assisted her off. It was raining, and she was compelled to walk between a quarter and a half mile to the station. The flagman denies assisting her off, but says that he asked her if this was where she wanted to get off, and

understood her to reply in the affirmative. The case was submitted to a jury, and a verdict returned for seven hundred and fifty dollars. Whereupon the defendant moved the court to set aside the verdict because it was grossly excessive, and the court thereupon reduced the verdict of the jury to one hundred dollars and entered judgment for that amount, from which the plaintiff appeals.

*Whittington & McGehee,* for appellee.

We respectfully submit that the trial court erred in reducing the verdict and that the facts in the case entitle appellant to recover of appellee the full amount awarded her by the jury.

Appellant was a young unsophisticated country girl who paid appellee for round trip passage on one of its trains from Knoxville to Gloster and return to Knoxville, appellee then guaranteeing her that she would be safely returned to her destination without injury to herself by it or its employees. This appellee failed to do, and admits that she was not carried to her destination as her ticket called and entitled her to go, then why? We have only her statement and that of the flagman's as to the cause. She says that she was informed by the flagman that the place she left the train was the place for her to get off, and further that he assisted her off, that it was a cold, damp day and drizzling rain, and by being put off about eighteen hundred feet from the station she was compelled to walk that distance to the station, that on account of which she suffered for sometime afterwards with cold and neuralgia; that she was humiliated by being put off before the passengers on the train and a large crowd of people who were at the station. If this is true, and surely the jury must have believed her statement and not the flagman, for he was the only witness to deny or contradict her, then they were warranted in finding of the verdict returned by

them of seven hundred and fifty dollars. *The New Orleans, Jackson & Great Northern Railroad Company* v. *Hurst,* 36 Miss. 660; *Higgins* v. *The Louisville, New Orleans & Texas Railroad Company,* 64 Miss. 80.

To warrant the court in a reduction of a verdict brought in by a jury, it should be so excessive as to show, over persuasion, passion or prejudice of the jury, this was not shown, the facts justified a larger verdict than given by the court and it was in the province of the jury to name and assess the amount. This honorable court has said: "It is the peculiar province of a jury to assess damages, and when, as in actions sounding in damages merely, the law furnishes no legal rule of measurement, save their discretion under the evidence before them." *New Orleans, Jackson & Great Northern Railroad Company* v. *Hurst, supra;* also 8 American & English Enc. Law (2 Ed.), 630 and 631; *Mississippi Central Railroad Co.* v. *Hardy,* 41 So. 505; *Yazoo & Miss. Valley Railroad Company* v. *Wallace,* 45 So. 857. We respectfully submit under the facts in this case, that appellant is entitled to recover of appellee the amount of damages allowed her by the jury and that this court should set aside order of the trial court in reducing this judgment.

*Mayes, Wells, May & Sanders,* for appellee.

Summing the matter up, our contention is that the best argument for an affirmance is a perusal of the record. When this is done the injustice of mulcting this railroad company in the sum of seven hundred and fifty dollars is manifest.

The contention of appellant is settled adversely to them in two very recent and thoroughly considered cases. The first one is the case of *Y. & M. V. R. R. Co.* v. *Smithart,* 71 So. 562. The facts show in the above case that Miss Smithart paid twenty cents for a ticket, and was carried beyond her station. In addition to the

payment of this twenty cents the actual damage claimed by her, to use the court's language: ''Consisted simply and solely of the fact that she had to take an additional walk of four or five miles; that the wind was blowing, and it was muddy and she was tired and hungry, and did not have any dinner that day.'' On this testimony the jury returned a verdict in her favor for five hundred dollars. The court held that this verdict was grossly excessive and ordered that plaintiff remit the excess down to one hundred dollars, or that the case could stand reversed.

The second case is the case of *M. & O.* v. *Curry,* 73 So. 868. In the last above case, which was also a suit brought by a woman for being carried by her station, the jury awarded a verdict of three hundred and seventy-five dollars. The court, speaking through Judge HOLDEN said: ''After a careful examination of the record in this case we find no reversible error except that the amount of three hundred and seventy-five dollars assessed as damages is grossly excessive, and, unless the appellee enter a remittitur reducing the amount to one hundred dollars, the judgment of the lower court will be reversed.''

The only distinction between the case on trial and the two cases cited above is that in the two cases from which we quote, the passenger was carried by the station. In this case the passenger got off the train just before the station was reached, but in plain view, and within one thousand feet of her destination.

We contend that not only should this case be affirmed as to the contention of appellant, but that the judgment in this case is excessive as to the railroad and should be cut down to not more than ten or fifteen dollars, and we make this contention a cross appeal.

SMITH, C. J., delivered the opinion of the court.

The verdict rendered by the jury is grossly excessive, and the court below should have set it aside and

awarded a new trial unless a proper remittitur was entered.

But the judge thereof was without power to reduce the damages awarded to such an amount as in his opinion was proper, and without the plaintiff's consent to enter a judgment therefor. The judgment of the court below will be reversed, and, entering here the judgment which should have been entered there, the verdict will be set aside, and the cause remanded for a new trial, unless a remittitur of six hundred and fifty dollars is entered by appellant, in which event judgment will be entered here for her in the sum of one hundred dollars.

*Reversed and remanded.*