FARMERS' ELEVATOR COMPANY, OF BERESFORD, SOUTH DAKOTA, Respondents, v. UNITED STATES FIDELITY & GUARANTY COMPANY, et al (UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant).

(172 N. W. 519).

(File No. 4547. Opinion filed May 13, 1919.)

1. Judgments—Definition of as Conclusion of Law, Application of Law to Pleadings, Etc.

A judgment is the conclusion of the law upon matters contained in the record; the application of the law to the pleadings and the facts as found by court, or admitted by parties.

2. Same—Suit on Elevator Manager's Bond, Former Judgment Versus Manager, Involving Fraud, Admissability.

In a suit by an elevator company, against its manager and the obligor on his bond, held, that a judgment roll embodying a previous judgment against the manager, the complaint in which judgment roll alleges acts constituting fraud and dishonesty on the part of said manager, the findings sustaining such allegations, was competent evidence in the present suit.

**3.  Same—Probative Effect of Such Judgment Roll—Favored Judicial Doctrine, Indemnitor's Defense Under Rule—Findings in Former Suit, Effect Re Present—Burden of Proof**

Held, further, that said judgment roll was prima facie but not conclusive evidence of liability of surety on said bond; the better reasoning of courts being in favor of doctrine that a judgment against the principal is at least prima facie evidence against sureties; that when one is responsible by force of law or by contract for faithful performance of duty of another, a judgment against the other for failure in such performance is, if not conclusive, prima facie evidence in a suit against the party responsible for that other; under which rule, indemnitor has full opportunity to present any defence available under the bond, and may wholly destroy evidentiary effect of such judgment by proof that same was obtained through fraud or collusion, and may show that the loss or liability involved arose from acts other than those so indemnified against; which rule extends also to damages resulting from acts of fraud or dishonesty.  Held, further, that, the complaint in the original action having alleged fraud and dishonesty, which trial court found were not established by evidence, defendant manager in present suit was to that extent relieved from presenting any defense; that findings in the original suit that he had received and disposed of quantities of oats and sums of money, as manager, etc., which were unaccounted for, were prima facie evidence of his fraud and dishonesty, sufficient to shift burden of proof upon bond company to show that said acts were not fraudulent or dishonest, or that loss to plaintiff resulted from other than such acts.

Appeal from Circuit Court, Union County.  Hon. Joseph W. Jones, Judge.

Action by Farmers' Elevator Company, of Beresford, South Dakota, a corporation, against the United States Fidelity and Guaranty Company of Baltimore, Maryland, a corporation, and Elmer Cyrus Morrill, to recover upon a bond of indemnity.  From a judgment for plaintiff, and from an order denying a new trial, defendant United States Fidelity and Guaranty Company, appeals.  Affirmed.

*Cray & Eaton,* and *Dan E. Hanson,* for Appellant.

*Kennedy & Kennedy,* for Respondent.

(2) To point two of the opinion, Appellant cited:

Beauchaine v. McKinnon, 55 Minn. 320; Tracey v. Goodwin, 5 Allen 409; Devine v. Smith, 129 Mass. 143; Pioneer Sv. & Loan Co. v. Bartch, 53 N. W. 764, 51 Minn. 474; Picot v. Web-

ster, 14 Cal. 203; McConnell v. Poor, Supreme Court of Ia. 84 N. W. 968.

Respondent cited:

Connor v. Corson, et al, (S. D.), 83 N. W. 588; City of Lowell v. Parker, (Mass.) 43 Am. Dec. 436; Charles v. Hoskins, 14 Iowa 471; Moses v. United States, 166 U. S. 570, 41 Law. Ed. 1119; Norris v. Mersereau, 42 N. W. 153; Clark v. Ellingson, et al, (N. D.) 161 N. W. 199.

(3) To point three, Appellant cited:

Code Civ. Proc., Sec. 391; Ogden v. United States 112 Fed. 523.

SMITH, P. J.    Plaintiff, a corporation, was engaged in buying and selling grain and coal. Defendant Morrill, employed as manager of its business, was required to furnish a bond. The defendant guaranty company executed its bond to plaintiff containing a condition to reimburse plaintiff as employer—

"for all pecuniary loss sustained by the employer, of moneys, securities or other personal property in the possession of the employee or for the possession of which he is responsible, by any act or acts of fraud or dishonesty committed by the employee in the performance of the duty of the office or position in the service of said employer," etc.

Plaintiff brought an action against Morrill alleging misappropriation of, and failure to account for, money and property in his possession as manager of its business, which action resulted in a judgment against Morrill for $3,141.36 besides interest and costs. Failing to collect this judgment by execution, plaintiff brought this action against the guaranty company and Morrill, which resulted in a judgment for plaintiff against Morrill and the fidelity and guaranty company, surety, for the sum of $3,141.36 with interest and costs, being the amount of the original judgment in the action against Morrill. The defendant guaranty company appeals from this judgment and from an order overruling its motion for a new trial. At the trial plaintiff offered in evidence the complete judgment roll in the case of Farmers' Elevator Company against Morrill before referred to, to which the guaranty company objected upon the ground that "it is incompetent, irrelevant, and immaterial, and in no wise binding upon the defendant in this ac-

tion," and upon the further ground that the complete findings of fact and judgment contained in the judgment roll disclose an action of accounting and contain no allegations or findings of fraud or dishonesty, the indemnity provided by the bond being against loss by reason of fraud or dishonesty committed by the employee and not otherwise, which objections were overruled, and this ruling is assigned as error.   Other assignments present the same question in different forms.

[1, 2] Appellant urges two propositions upon this appeal: First, that the judgment roll in the case against Morrill is not competent evidence in this action against the guaranty company; and, second, that, if competent, the judgment roll does not purport to establish, or tend to prove, acts of fraud or dishonesty committed by Morrill, the employee.  So far as the latter contention is concerned, it is sufficient to observe that the complaint in the judgment roll does allege acts constituting fraud and dishonesty on the part of the employee, Morrill, and the findings of fact fully sustain such allegations, although the judgment itself goes no farther than to award to plaintiff a recovery of the amount of loss.   Appellant most strenuously contends that the judgment against Morrill is not competent evidence against appellant in this action.  A "judgment" is the conclusion of the law upon the matters contained in the record; the application of the law to the pleadings and to the facts as found by the court or admitted by the parties.  15 R. C. L. 569 (2).

[3] In Connor v. Corson, 13 S. D. 550, 83 N. W. 588, this court held that a judgment against a sheriff for conversion of property held under attachment was prima facie but not conclusive evidence of liability of the surety on the sheriff's bond.  See, also, Henry v. Heldmaier, 226 Ill. 152, 80 N. E. 705, 9 Ann. Cas. 150, note.   This rule appears to be sustained by the decided weight of authority.   Beauchaine v. McKinnon, 55 Minn. 318, 56 N. W. 1,065, 43 Am. St. Rep. 506.   Mr. Jones, in his Commentaries on Evidence (volume 3, p. 798), after reviewing numerous decisions of the courts, says:

"From these conflicting decisions it is impossible to do more than select the rule most consonant with justice, and it is believed that the better reasoning is in favor of the doctrine that a judg-

ment against the principal is at least prima facie evidence against the sureties. When one is responsible for force of law or *by contract* (italics are ours) for the faithful performance of the duty of another, a judgment against the other for a failure in the performance of such duty, if not collusive, is prima facie evidence in a suit against the party so responsible for that other. If it can be made to appear that such judgment was obtained by fraud or collusion, it will be wholly set aside. But otherwise it is prima facie evidence to stand until impeached or controlled, in whole or in part by countervailing proof." Grant v. Maslen, 151 Mich. 466, 115 N. W. 472, 16 L. R. A. (N. S.) 910, and extensive note.

This rule is established in this jurisdiction by the decision in the Connor Case, and a re-examination of the authorities confirms us in the view that the rule should not be disturbed. Under the rule, the indemnitor is given full opportunity to present any defense available under the terms and conditions of the bond, and may wholly destroy the evidentiary effect of such judgment by proof that the same was obtained through fraud or collusion. He is likewise at liberty to show that the loss, or the liability created by the judgment, arose from acts other than those indemnified against under the conditions of the bond. Appellant contends, however, that this rule should be limited in its application to acts upon official bonds conditioned upon the faithful performance of official duties, and should not be applied in actions upon bonds of indemnity against loss or damage resulting from acts of fraud or dishonesty in transactions between private persons. We see no sound reason for such a distinction where the indemnity in both classes of cases is against loss or damage arising from acts of fraud or dishonesty.

[4] The complaint in the action against Morrill alleged acts of fraud and dishonesty which the trial court found were not established by the evidence, and to that extent the defendant in this case was relieved from presenting any defense in this action. In that action, as shown by the judgment roll, the trial court found that the defendant Morrill "had received and disposed of quantities" of oats and sums of money as manager of the plaintiff corporation, which were unaccounted for, to wit, 4,254 bushels of oats and $1,439.76 of money, "which he failed and refused to de-

liver to .the" plaintiff upon demand. Such findings were at least prima facie evidence that Morrill had been guilty of acts of fraud and dishonesty, sufficient to shift the burden of proof upon appellant to show that the acts upon which the judgment was founded were not fraudulent or dishonest, or that the loss to plaintiff resulted from mistake, incompetency, or causes other than acts of fraud or dishonesty.

Appellant in this case offered no evidence whatever, and did not seek to avail itself of any defense.

Finding no error in the record, the judgment of the trial court is affirmed.