TRICO COFFEE CO., INC., *et al. v.* CLEMENS.

(Division A. Dec. 4, 1933.)

[151 So. 175. No. 30830.]

T. J. Wills, of Hattiesburg, for appellant.

Hathorn & Williams, of Poplarville, for appellee.

Argued orally by **T. J. Wills**, for appellant, and by **F. C. Hathorn**, for appellee.

**McGowen, J.,** delivered the opinion of the court.

Eddie Clemens, a minor, nine years of age, by his next friend, recovered a substantial judgment in an action at law aganist the Trico Coffee Company, Inc., and

Morris Slaydon, from which judgment the appellant, Trico Coffee Company, only, appeals.

The sole point presented by the appellant here is that the court was in error in not granting it a peremptory instruction.

The record discloses that the appellant company was engaged in the business of selling coffee and other groceries from an inclosed truck in which were stored articles of merchandise. Slaydon was a salesman of the appellant company whose duty it was to drive the truck on a certain route, and sell and deliver its groceries. The operation of appellant's business, to a large extent, involved the use of a much-traveled highway. On the afternoon of the day of the injury, Slaydon was driving to Carriere, Mississippi, for the purpose of replenishing his stock of merchandise, and wanted to reach there before the depot closed for the day. While en route he passed two little negro boys about nine years of age, one of whom was the appellee, and invited them to ride with him, placing one of them on the right-hand side of the car, on the running board, and the other on the left-hand side, holding to a spare tire attached to the truck. In that situation he drove the truck down hill on a public highway at a greater rate of speed than forty-five miles an hour. There was a culvert with a broken end on the side of the road on which he was driving, and in order to pass on-coming motor vehicles before they reached this culvert, he speeded up his car to cross it, and in doing so swerved his car suddenly to avoid the hole in the culvert, and then swerved back in order to avoid the on-coming automobiles, which caused the little boy's hold on the spare tire to loosen, thereby causing him to be thrown violently to the road, and injured.

The evidence discloses that the manager of the appellant company, before this accident occurred, had reprimanded the driver for allowing people to ride on the

truck, and forbade his doing so again; whereupon the latter responded, in effect, that he would continue to ride his customers and friends when he pleased. To this answer the manager responded, "You heard me."

There is no complaint as to the amount of the verdict, nor as to anything else, except the refusal by the court of the peremptory instruction asked by the appellant.

There is no question as to Slaydon, the driver of the truck, being the servant, and the appellant company the master, in this case. There is no dispute as to any material fact in the case. Hence we are of opinion that the appellant was not, under any view of the case, entitled to a peremptory instruction.

The contention is that the little negro boy was a trespasser as to the master, the appellant coffee company, even if the driver had invited him to ride; and, if so, under the circumstances of the case, the master owed the appellee no duty. In support of that contention, counsel for appellant say that in permitting the little boy, on invitation, to ride on the running board of the truck, the driver was not acting within the scope of his authority, or in the furtherance of his master's business, that the driver, the servant, turned aside from the master's business in so doing for his own pleasure, citing Canton Cotton Warehouse Co. v. Pool, 78 Miss. 147, 28 So. 823, 84 Am. St. Rep. 620, in which case the servants of the warehouse company planned to frighten Pool by the slamming of the coal scoop of the master on the iron stairs of the factory, the shutting off of steam usually self-regulated by the automatic air pump, the turning out of electric lights, and by yelling, and the court held that these acts were not done in pursuance of the master's business; the inquiry being, not whether the act in question was done while the servant was engaged about the master's business, nor the manner of doing it—whether in doing the act he used the appliances of the master—but whether the

act itself, as it was performed, was in pursuance of the master's business, or whether it was wholly disconnected therefrom, the servant acting as an individual, on his own account.

The appellant also cites the cases of Walker v. Fuller, 223 Mass. 566, 112 N. E. 230; Western Union Telegraph Co. v. Stacy, 162 Miss. 286, 139 So. 604; American Ry. Express Co. v. Wright, 128 Miss. 593, 91 So. 342, 23 A. L. R. 127. None of these cases is applicable to the facts of this case, and for that reason is of no assistance to the court.

Appellant further cites the case of R. T. Collins et al. v. O. R. Burkett, 101 So. 581, in which no opinion was written, and we cannot determine upon what theory this court decided that case.

In McLaurin v. McLaurin Furniture Co. (Miss.), 146 So. 877, the willfulness and wantonness of the driver was not discussed by the court.

Under the facts of this case, the appellee was entitled to a peremptory instruction. The driver of the truck, the servant, had invited the little boy to ride, standing on the running board; and in starting the truck in motion it was the duty of the servant and of the master not to willfully and wantonly injure him. There is no question but that the driver of the truck knew of the perilous position of the little boy, and understood the probable effect of excessive speed and suddenly swerving the car, which speed was in violation of section 5569 of the Code of 1930, fixing the maximum speed of motortrucks on the highways of this state at thirty miles. If it be conceded that the driver acted in an emergency created by the immediate presence of the on-coming motor vehicle, which necessitated the swerving of his truck, in order to avoid the hole and the vehicles, the obvious answer is that the driver had created such emergency. But it is not shown that it was necessary for him to cross the culvert before

the other vehicles reached it. There is no doubt that the driver of the truck, in acting as he did, was negligent to to the extent of willfully and wantonly injuring the little negro boy, and that he is liable therefor. He was familiar with the road and the location of the culvert and the hole therein. That the negligence of the driver was willful and wanton is undisputed; and, if it be conceded that the little negro boy was a trespasser in so far as the appellant company was concerned, still his standing upon the running board did not create the danger. The danger was created by the subsequent unlawful excessive speed of the motortruck, together with the swerving thereof, which proximately caused the injury; and these acts of the driver occurred while driving the master's motortruck en route to the depot to secure coffee in the furtherance of his master's business.

It is certainly not necessary to show that the driver of the motor vehicle was actuated by ill will toward the person injured. It is his entire lack of care for the lives and property of others, his indifference to the consequences of his act, which makes out a case of willfulness in the legal sense. The distinction between a mere tort and a willful and wanton wrong lies in the attitude of the person toward the consequences of his act. In this case, the servant and the master owed the little negro boy the duty not to willfully and wantonly injure him; but the driver, the servant, showed himself to be completely indifferent to the safety of the little boy, which, at the time this injury was inflicted, was entirely in the former's hands. Under such circumstances the principle of respondeat superior applies to the master. 42 C. J. 1058, secs. 806 and 807; Fuller v. Illinois Cent. R. Co., 100 Miss. 705, 56 So. 783; New Orleans, M. & C. R. Co. v. Harrison, 105 Miss. 18, 61 So. 655; Illinois Cent. R. Co. v. Mann, 137 Miss. 819, 102 So. 853; Yazoo & M. V. R. Co. v. Lee, 148 Miss. 809, 114 So. 866; Yazoo & M. V. R. Co. v. Daily,

157 Miss. 3, 127 So. 575; Rogers v. Lewis (Miss.), 144 So. 373.

In the latter case the plaintiff's decedent was killed while riding in a truck, by invitation of the driver, Victor Rogers, who was employed by his father, W. R. Rogers. Lewis was riding by the side of the driver when the accident occurred. The court there held that W. R. Rogers was liable as master, because the plaintiff's decedent was killed as a result of the willful and wanton act of the servant, Victor Rogers, in driving the car against a mule, while moving at an excessive rate of speed, thereby causing a wreck. The court held that the Texas Oil Company and the driver of the truck did not sustain the relation of master and servant to each other. It was contended that W. R. Rogers, the master, was an independent contractor, and Victor Rogers, the driver of the truck, was his employee. The liability in the case at bar is much greater than in the case last mentioned. We held W. R. Rogers, the master, liable.

It is generally held that the rule rests upon the theory that a trespasser in imminent peril, from which he cannot extricate himself, may not be willfully and ruthlessly injured, and that an employer is liable for the failure of his employee to exercise due care. The cases are generally to the effect that the trespasser is in a state of peculiar peril, differing from that of the operator of the car; but in the Lewis case, supra, it was held that there was liability, even though the driver of the car and Lewis were in the same position as regards peril. We cite, as illustrate of the rule here announced, the cases of Higbee Co. v. Jackson, 101 Ohio St. 75, 128 N. E. 61, 14 A. L. R. 131; Kalmich v. White, 95 Conn. 568, 111 A. 845.

Being of the opinion that the appellee, plaintiff in the court below, was entitled to the peremptory instruction requested, which was refused by the court, it follows that this case cannot be reversed.

We do not think it necessary to discuss the point argued, that the appellee was a licensee passenger or guest of the master at the time of the accident.

Affirmed.