**LAKE COUNTY, for Use and Benefit of BAXLEY, v. MASSACHUSETTS BONDING & INSURANCE CO.**

No. 7398.

Circuit Court of Appeals, Fifth Circuit.

Feb. 6, 1935.

H. C. Tillman, of Tampa, Fla., for appellant.

Francis M. Holt and Harry T. Gray, both of Jacksonville, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was on a construction bond given by "one Hardee, doing business as Hardee Construction Company" in connection with road work he did for Lake county, Fla. The claim was that as evidenced by the judgment, plaintiff had gotten against Hardee, there was due and owing him as "a just debt for labor and materials incurred by the contractor in the construction and improvement of the road contracted for," $12,792.70, the amount he sued for. The defense was that Hardee owed plaintiff nothing on account of the work construction the bond secured. That, in fact, plaintiff and Hardee were prosecuting the work jointly, sharing the profits and losses. Rulings on the pleadings brought the case to issue on this defense.

Plaintiff offered his judgment against Hardee, and proved that it was recovered on the same bill of particulars he now sues the surety company on. He testified, too, at some length to his contract and arrangements with Hardee for furnishing labor and materials on the construction project, and to Hardee's failure to pay for them. Defendant in rebuttal offered the testimony of Hardee, and of witnesses corroborating him, to the effect that Hardee and Baxley were doing the work on joint account, and not as employer and employee, debtor and creditor. In further support of the defense, the surety company proved the execution and delivery by Baxley to Hardee of promissory notes aggregating $5,000, and Baxley's execution of one note for $1,900 to Brown which Hardee indorsed, for the purchase of ten mules used on the work. Plaintiff, in explanation of the notes he gave Hardee, testified that being a creditor of Hardee on account of the work and labor done on the job in a considerable amount, and having credit at the bank, he signed the notes at Hardee's request so that Hardee could get the money to finish the job and pay him. He swore that

he had done this in reliance upon Hardee's assurance that the accommodation would enable him to finish the work and pay Baxley what he owed him, and because he feared if he did not, Hardee could not finish the job and he, Baxley, would lose all his work and labor. He offered witnesses supporting his claim of having been hired by Hardee, and of having signed the notes for the reasons he stated. As for the note to Brown, Hardee testified that though he paid this note himself, Baxley took the mules when the job was over, while Baxley testified that he paid the note.

Cross-examination of Hardee developed that he had taken the Baxley notes to the bank, borrowed money on them, and paid the notes off and put them in his safe; that he had not set up any of the notes as a debt in the suit in which Baxley obtained judgment; that he had sued on two of them, the Brown note for $1,900 and one of the Baxley notes for $2,500, but since the filing of this suit he had assigned these notes to the surety company.

At the conclusion of all the evidence, defendant moved for a directed verdict. The District Judge, referring to the fact of a former trial and verdict for plaintiff and its setting aside, stated that he had come to the conclusion that under no theory could plaintiff recover in the case. That the conduct of the plaintiff, in signing a note to his debtor, absolutely convinced him that there was some sort of agreement somewhere whereby plaintiff was not entitled to the money he sued for, and that he would feel compelled to set the verdict aside again, if the jury found for plaintiff. He further stated, "I am just wondering if it would not expedite this case * * * to direct a verdict for the defendant on the evidence. * * * And if the Court of Appeals says that it ought to go to the jury, and plaintiff gets a verdict, I would let it stand. As it is now, I don't believe I will ever let it stand. As long as the judge is not satisfied with the verdict, he should not let it stand." Whereupon the motion was sustained, the verdict was directed, and this appeal followed from the judgment on that verdict.

Appellant attacks this instruction on two grounds. He argues, first, that the verdict should have been directed for, not against him, because the judgment he got on the same cause of action against the principal, Hardee, was, in the absence of a showing of collusion or fraud in its obtaining, conclusive against the surety.[1] He argues further that if the judgment was not conclusive in his favor, it was at least prima facie evidence requiring a verdict for him, unless rebutted by clear proof, and that it, together with the positive testimony of Baxley and the other supporting evidence direct and circumstantial, clearly made an issue for the jury. In support of his claim that the judgment was at least prima facie evidence, he cites Moses v. United States, 166 U. S. 571, 17 S. Ct. 682, 41 L. Ed. 1119; Fidelity & Deposit Co. v. People's Bank (C. C. A.) 72 F. (2d) 932; United States v. American Surety Co. (C. C. A.) 56 F.(2d) 734; People's Bank of Sanford v. Fidelity & Deposit Co. (D. C.) 4 F. Supp. 381; Equitable Surety Co. v. Board of Commissioners (C. C. A.) 256 F. 773; Farmers' Elevator Co. v. U. S. F. & G. Co., 41 S. D. 614, 172 N. W. 519; Perry v. Merrill, 75 Okl. 55, 179 P. 28.

Appellee, while denying the conclusive effect of the Hardee judgment, does not deny that it is prima facie evidence of the principal's default, even as against the surety. It insists that the prima facies of the judgment and the support plaintiff's evidence gives it, have been conclusively overcome by the evidence appellee offered, so that a verdict for the defendant was demanded. It insists that the judge correctly found that "the evidence, with all the inferences that justifiably could be drawn from it, does not constitute a sufficient basis for a verdict for the plaintiff, * * * so that such a verdict, if returned, would have to be set aside." Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 525, 57 L. Ed. 879, and that so finding, he properly directed a verdict for defendant.

Appellant argues that the District Judge did not find that plaintiff's evidence, if believed, did not constitute a sufficient basis for a verdict, or that if a verdict was rendered for plaintiff, it would have to be set aside. He merely found, appellant says, that plaintiff's evidence was not credible, and that he felt convinced that the claim was

---

[1] In support of this view he cites: Stovall v. Banks, 10 Wall. 583, 19 L. Ed. 1036; City of Philadelphia v. Pierson, 217 Pa. 193, 66 A. 321; Friend v. Ralston, 35 Wash. 422, 77 P. 794; Baxter County Bank v. Ozark Ins. Co., 98 Ark. 143, 135 S. W. 819; Commonwealth v. Fidelity & Deposit Co., 224 Pa. 95, 73 A. 327, 132 Am. St. Rep. 755; Treasurer of City of Boston v. Schapero, 217 Mass. 71, 104 N. E. 440, Ann. Cas. 1915D, 399.

not a just one. Appellant insists that it was for the jury, and not the court, to say whether plaintiff's evidence was credible, for the jury, not the court, to say on the facts whether his claim was just.

■ We have undertaken in many cases, as other courts have, to make it clear that a District Judge may not direct a verdict against a party because he does not credit his evidence, and would, on that account, be disposed to set aside the verdict in his favor. He may only direct a verdict against a party when he can say that, viewing it in the light most favorable to that party, fair-minded men cannot honestly and reasonably draw a conclusion from it in his favor. Woodward v. Atlantic Coast Line R. R. (C. C. A.) 57 F.(2d) 1019; Howard v. Louisiana & A. R. Co. (C. C. A.) 49 F.(2d) 571; Chicago, M., St. P. & P. R. Co. v. Linehan (C. C. A.) 66 F.(2d) 373; Grand Trunk Western R. Co. v. Collins (C. C. A.) 65 F. (2d) 876; Reid v. Maryland Casualty Co. (C. C. A.) 63 F.(2d) 10.

■ What confusion there has been in respect of the District Judge's function in instructing verdicts has grown out of the failure to recognize that the rule in the federal court is not that a verdict may be instructed if the judge merely feels that if a verdict came in for one of the parties, he would set it aside. The rule is he must feel that such a verdict *"would have to be set aside."* (Italics ours.) Slocum v. New York Life Ins. Co., supra. Tested by that rule, we think it clear that this is not a case for an instructed verdict. It may not be said here of a verdict for plaintiff that it would have to be set aside for want of evidence. Not only is there the positive evidence of Baxley and his witnesses, opposing that of Hardee and his at all points, which in itself would make a jury issue and support a jury verdict, but there is the evidence of the judgment obtained in the state court, conclusive at least as to Hardee, and prima facie at least, as to the surety, that the matter is as Baxley states it and not as Hardee does. Whether the judgment against Hardee, supported as it is by the testimony of Baxley and his witnesses, has been overcome by the testimony of Hardee and his witnesses in contradiction of that judgment and of the testimony of Baxley and his witnesses, was for the jury, and not for the judge, to say.

■ In view of another trial, we think it proper to say upon the point appellant makes as to the effect of his judgment against Hardee, that while the authorities are apparently in dispute, we think the true statement of the law is this: Where it appears that the judgment against the defendant was obtained in a suit of which the surety had full knowledge, and which it had full opportunity to defend, the judgment therein is not only evidence, but conclusive evidence, against every defense except that of fraud and collusion in obtaining it. Moody v. Megee (D. C.) 31 F.(2d) 117; Strathleven S. S. Co. v. Baulch (C. C. A.) 244 F. 412; Burley v. Compagnie De Navigation Francaise (C. C. A.) 194 F. 335. Where it is not made to appear that the surety knew of and had opportunity to defend the suit, then the judgment is prima facie evidence that the surety is liable, sufficient to support a verdict unless it is rebutted by proof on the part of the surety that it was obtained through fraud or collusion, or that the loss or liability created by the judgment arose from acts other than those indemnified against under the conditions of the bond. Farmers Elevator Co. v. U. S. F. & G. Co., 41 S. D. 614, 172 N. W. 519; Moses v. United States, and the other cases cited, supra.

■ Here neither fraud nor collusion are presented. The surety company has undertaken to defeat the judgment by offering proof that the amount it represents was not an indebtedness covered by the bond. The proof it offered on this point is contradicted not only by the judgment, which it is admitted was rendered on the same bill of particulars as that on which this suit was filed, but by the evidence of Baxley and his witnesses. It was not for the court, but for the jury, to determine the credibility of the witnesses who would overthrow the judgment. Especially is this so in view of the fact that the defendant in it was the witness mainly relied on to overthrow the judgment.

For the error in instructing the verdict, the judgment is reversed, and the cause is remanded for further and not inconsistent proceedings.