**LAKE COUNTY, for Use of BAXLEY v. MASSACHUSETTS BONDING & INS. CO.***

**No. 8097.**

Circuit Court of Appeals, Fifth Circuit.

June 12, 1936.

*Rehearing denied Aug. 27, 1936.

H. C. Tillman, of Tampa, Fla., for appellant.

Francis M. Holt and Sam R. Marks, both of Jacksonville, Fla., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

## HUTCHESON, Circuit Judge.

When this case was here before on an appeal from an instructed verdict,[1] we held that Baxley's judgment against Hardee was prima facie at least as to the surety, that the matter was as Baxley stated it, and not as Hardee did, saying: "Whether the judgment against Hardee, supported as it is by the testimony of Baxley and his witnesses, has been overcome by the testimony of Hardee and his witnesses * * * was for the jury, and not for the judge, to say." We reversed the judgment and remanded the cause for further and not inconsistent proceedings. The case has been retried. Baxley is appealing again, this time from a verdict of the jury.

The sole point he makes is that in the submission to the jury he was deprived by the court's charge of the benefit of the prima facies of the judgment. Specifically he claims that the court in effect "charged the jury that the burden of proof was on the plaintiff Baxley and remained there, and that the judgment of the State Court of Lake County which had been introduced in evidence, was only prima facie evidence of the amount of the judgment, and that it did not have the effect of shifting the burden of going forward to the defendant Bonding Company." Appellee, calling attention to the precise language the court used, urges that appellant's construction of it is not correct. It insists that the charge was correct as far as it went; indeed, was substantially in the language of appellant's second requested instruction.[2] It argues that if appellant was entitled to or desired a further or additional charge on the effect of the judgment or on the burden of proof, he should have requested it. It particularly calls attention to the fact that appellant made no objection and took no exception to the refusal of his requested charges, nor did he in noting his objection to the main charge, point out or call attention to the defects or errors in it of which he now seeks to complain.

The charge of the court, after fully and clearly stating the nature of plaintiff's suit on the bond and of the contentions and defenses the parties made, correctly instructed the jury that the burden was on the plaintiff to establish the correctness of his contentions by a fair preponderance of the testimony. As to the effect of the Lake county judgment it advised the jury: "The record of a suit in the state court in Lake County has been introduced in evidence and the court charges you that that would prima facie fix the amount of indebtedness from Hardee to the plaintiff, but that would not be absolutely binding upon the defendant here for the reason that the defendant here was not a party to that suit and it only establishes prima facie the amount that is due, but it is not binding here because this defendant was not a party to that suit, and it can only be bound by the judgment in a case in which it was a party, and you can consider that judgment along with all the other evidence in determining where the preponderance of evidence lies."

---

[1] Lake County v. Massachusetts Bonding & Insurance Co. (C.C.A.) 75 F.(2d) 6, 8.

[2] "Second. The Court instructs you that the judgment obtained by A. W. Baxley against J. P. Hardee in Lake County, a certified copy of which has been filed in evidence in this case is prima facie evidence of the fact that J. P. Hardee owes A. W. Baxley the sum of $11,780.00 with interest but that does not necessarily mean that the defendant in this case owes Baxley that amount of money, and the plaintiff here must prove, by a fair preponderance of the evidence, what part of the amount included in the judgment is for labor and mule hire due Baxley by Hardee on this particular job in Lake County covered by the bond sued on."

At the conclusion of the charge the following colloquy occurred:

"I will take any suggestions or exceptions from either side. I haven't followed the words of the requests as given, but I think I have fairly given the principles as contended for. Have you any exceptions?

"By Mr. Tillman: I think as to the effect of the Lake County judgment—

"By the Court: You don't agree with me as to that?

"By Mr. Tillman: No, sir.

"By the Court: I will stick to that, that it is merely prima facie, that it merely prima facie establishes the amount as against this defendant. I will give you an exception. Any exceptions?

"By Mr. Holt: No exceptions for the defendant."

It will be noted that the court gave no instruction as to the effect of the judgment in shifting the burden of proof, and that appellant's real complaint of the charge is of its omission to instruct the jury that upon the introduction of the judgment the burden of proof shifted to and remained upon the defendant. It will be noted, too, that no specific charge to this effect was requested by plaintiff. The nearest that plaintiff came to it was in special charge No. 3, that the judgment was prima facie evidence that the surety company was liable, and that therefore the burden was on the defendant to prove that the items sued for were not covered by their bond, but there was no exception to the failure to give this charge, nor was there any exception to the failure to embody an instruction of this kind in the general charge, nor complaint that in the general charge the prima facie effect of the judgment was limited to the amount, rather than to the existence of liability.

A careful reading of the court's charge as originally given, and especially as clarified in response to appellant's exception—

"By Mr. Tillman: I think as to the effect of the Lake County judgment—

"By the Court: I will stick to that, that it is merely prima facie, that it merely prima facie establishes the amount as against this defendant—"

makes it clear that it correctly charged the law in accordance with our decision, that the judgment prima facie established defendant's indebtedness to plaintiff.

Appellant's insistence, that he was entitled to a charge in effect that the introduction of the judgment cast upon defendant the burden of overthrowing it, is not, we think, a correct one. The burden was upon plaintiff throughout to establish his right to recover. Howells State Bank v. Novotny (C.C.A.) 69 F.(2d) 32; Fidelity & Cas. Co. v. Driver (C.C.A.) 79 F.(2d) 713; Travelers' Ins. Co. v. Wilkes (C.C.A.) 76 F.(2d) 701.

 The judgment against Hardee did not operate as an estoppel against defendant. It was evidence, sufficient indeed for recovery if no evidence was introduced by defendant. When, however, defendant offered evidence, the judgment was like all the other evidence to be considered by the jury upon the question whether plaintiff had made out his case. This question was properly sent to the jury under instructions that the burden of proof was upon plaintiff to establish the amount due him by defendant, and that the judgment against Hardee was prima facie evidence against the defendant of the amount due. If the plaintiff desired any more detailed or elaborate instructions along this line, more particularly characterizing and pointing out the effect of the judgment, he should have requested them, and if they were not given, plainly and pointedly reserved his exceptions. Burns v. U. S., 274 U.S. 328, 47 S.Ct. 650, 71 L.Ed. 1077; Pennsylvania R. Co. v. Minds, 250 U.S. 368, 39 S.Ct. 531, 63 L.Ed. 1039; Lynch Enterprise Finance Corp. v. Dulion (C.C.A.) 45 F.(2d) 6; Maryland Casualty Co. v. Reid (C.C.A.) 76 F.(2d) 30; Beaver v. Taylor, 93 U.S. 46, 23 L.Ed. 797; Thiede v. Utah, 159 U.S. 510, 16 S.Ct. 62, 40 L.Ed. 237.

The judgment is affirmed.