## BRABHAM v. STATE OF MISSISSIPPI, for Use of SMITH.

### No. 8671.

Circuit Court of Appeals, Fifth Circuit.

June 15, 1938.

HOLMES, Circuit Judge, dissenting.

———◆———

For prior opinion, see 96 F.2d 210.

Earl Brewer, of Jackson, Miss., and O. W. Phillips, of Magnolia, Miss., for appellant.

John N. Ogden, of Magnolia, Miss., and Myron S. McNeil, of Hazlehurst, Miss., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

The petition for rehearing urges upon us that the overruling in Erie Railroad Co. v. Tompkins, 58 S.Ct. 817, 82 L.Ed. ——, of the doctrine of Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865, under which this case was tried below, and heard here, requires the withdrawal of our opinion, and the granting of a rehearing.

■ We agree that the case was wrongly tried below and determined here as a matter of general law, and not one to be controlled by the applicable decisions of the Mississippi courts. We agree therefore, that so much of the opinion as sought a solution of the case by resort to the general, rather than the Mississippi law of punitive exemplary damages, must be withdrawn.

■ We do not agree, however, that the case should be reheard in this court. We think it plain that the petition for rehearing should be denied, and the reversal should stand, both because of the second reason given in the opinion for reversal, that the District Judge should, instead of ameliorating the verdict by reducing the amount of recovery, have granted a new trial, and because the case, having been tried below and heard here on an erroneous assumption that it was controlled by general law, it should go back for a trial anew under the Mississippi law. Ruhlin v. New York Life Insurance Co., 58 S.Ct. 860, 82 L.Ed. ——.

It is particularly desirable that this course be pursued here, for in addition to the ordinary difficulties in the way of a just disposition of a cause, which, tried on one theory below, is heard on a different one here, this case presents special difficulties. These inhere in and grow out of the fact that the suit is apparently one on an official bond, in which case punitive damages may not be recovered in Mississippi, Lizana ex rel. v. State, 109 Miss. 464, 69 So. 292, and at the same time a suit independent of the bond against the sheriff and his deputies.

It is true that the suit, though begun as a suit in the name of the state of Mississippi against the sheriff and his surety, was dismissed as to the surety company for the reason that it was not a resident of the District; but it is also true that the order dismissing the surety provided that "the said cause be and it is hereby maintained against the defendants Brabham, Cutrer and Varnardo." It has been specifically held in this circuit, Lake County v. Massachusetts Bonding & Insurance Co., 75 F. 2d 6, Id., 84 F.2d 115, that a judgment against a principal, is, where the surety has notice of the suit, conclusive evidence against the surety against any defense except that of fraud and collusion in obtaining it.

Under these circumstances, we think it of the highest importance that the procedure adopted in the Ruhlin Case supra be applied here, and that the judgment should therefore be reversed and vacated, and the cause remanded to the District Court for further proceedings under the Mississippi law, with directions to permit such amendments to the pleadings as may be necessary and proper, if it is to be tried as a suit in tort rather than one on the bond.

The motion for rehearing is denied.

HOLMES, Circuit Judge (dissenting).

In the light of Erie Railroad Co. v. Tompkins, 58 S.Ct. 817, 82 L.Ed. ——, and Ruhlin v. New York Life Ins. Co., 58 S.Ct. 860, 82 L.Ed. ——, I think the petition for a rehearing should be granted.

See, Robinson & Patterson v. Goings, 63 Miss. 500; Pullman Palace Car Co. v. Lawrence, 74 Miss. 782, 22 So. 53; Yazoo & M. V. R. Co. v. Williams, 87 Miss. 344, 39 So. 489; Case v. Yazoo & M. V. R. Co., 114 Miss. 21, 74 So. 773; Trico Coffee Co. v. Clemens, 168 Miss. 748, 151 So. 175; Beard v. Williams, 172 Miss. 880, 161 So. 750; Teche Lines, Inc., v. Pope, 175 Miss. 393, 166 So. 539; Rogers v. Lewis, Miss., 144 So. 373; Taggart v. Peterson, Miss., 181 So. 137.

Having assigned originally as one of the reasons for reversal that the trial court had not followed the federal rule upon the issue of ratification, the opinion denying the petition for a rehearing now asserts that the case was wrongly tried below as a matter of general law. I do not find in the record support for this statement; and the majority opinion fails to point out any ruling of the trial court inconsistent with the above-cited Mississippi decisions.

After dismissal as to the surety, this action in essence and in fact was in tort and not in contract. It is apparent that the court and the parties so regarded it. The fact that the pleadings were not amended, as admittedly they might have been, so as to bring the merits of the tort action fairly to trial was evidently not deemed necessary by any one in the court below. Since forms of actions are abolished by statute in Mississippi,[1] and since a federal statute provides that, on appeal, this court shall give judgment after an examination of the entire record before it, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties,[2] I am at a loss to understand the reasons of reversal at this time other than those stated in the original opinion of the majority. Those reasons were, substantially, that the rulings of the court below did not conform to the general law as announced by the federal courts. Such reasons were swept aside in large manner by Erie Railroad Co. v. Tompkins; and I think, if the judgment of reversal is to be adhered to by us, we should point out wherein the law as announced in the Mississippi decisions was not followed by the court below. This has not been done in either the original opinion or the opinion overruling the petition for a rehearing.

If no error on the trial was committed under the law in Mississippi, the reason for a new trial is not now apparent, since no federal statute or constitutional provision

---

[1] Miss.Code of 1930, Sec. 521; Evans v. Miller, 58 Miss. 120, 38 Am.Rep. 313; 28 U.S.C.A. § 724.

[2] 28 U.S.C.A. § 391.

is held to have been contravened, and the doctrine of Swift v. Tyson has been overruled. If there was error and we shall fail to point it out, such error may be repeated on another trial. Where the verdict is excessive, the Mississippi practice of lopping off an excrescence by means of a remittitur conforms to the federal rule and is not in contravention of any federal statute or constitutional provision. This was made clear in Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150, where a distinction was drawn between an additur and a remittitur, the former being held to be contrary to the Seventh Amendment, U.S.C.A.Const. Amend. 7.

In a nutshell, the rulings of the district court were in line with the laws of Mississippi, and there is no occasion for a new trial. This is what we held on June 10, 1938, in Wichita Royalty Co. v. City National Bank of Wichita Falls, 5 Cir., 97 F.2d 249. In that case, decided last week, Judge Sibley said: "We think our conclusions are in line with the law of Texas and that there is no occasion for a rehearing."

For these and the additional reasons stated in my former opinion in this case, I respectfully dissent.