The Chief Justice

delivered the Opinion of the Court.
The County Court of Washington having made a settlement with the Sheriff of that county, and ascertained a balance against him, of the levies collectable in the year 1836, rendered a judgment against him for a large amount; and, failing to enforce the payment of it by execution, afterwards directed a notice to the sureties in his bond; and, upon a return of no inhabitant as to three of them, and of service on the others (who appeared and resisted a judgment against them,) abated the motion as to the former, and rendered a judgment against the latter for the amount of the judgment against the sheriff, and legal interest thereon from the time, as we suppose, of the settlement.
Various objections are urged against this last judgment:—first, that the Court had no authority to abate as to those returned no inhabitants, and render judgment against the others. Second—that the record of the proceedings and judgment against the sheriff was not legal *183 evidence or sufficient proof against the sureties. Third—that the motion was barred by time. Fourth—that the judgment included a balance of a special levy made by the county court after the execution of the bond, and that the sureties are not liable therefor. Fifth—that delay in proceeding against the Sheriff had discharged the sureties. Sixth—that having first elected to obtain a judgment against the sheriff, the County Court had no authority afterwards to proceed against the sureties, under the statute of 1797; which authorizes a motion against the sheriff or his sureties. And, seventh—that the statute did not authorize the judgment for interest.
The time within which the motion is to be made, is not limited by statute; nor does a lapse of 3 years afford any presumption of payment.
A sheriff’s bond, given for collecting and accounting for such county levies as shall become due and collectible while he remains in office, binds his sureties for a levy laid after the bond was executed, as well as for those laid before.
The sureties are not exonerated by a years delay, before any proceedings were instituted against the sheriff.
Tho’ the letter of the statute giving the motion, gives it against the sheriff or his sureties, the county is not concluded as to either, by proceeding against the other first: they may maintain the motion against the sureties, after a motion and judgt. against the sheriff.
The sureties are not liable for interest accruing before the date of the judgt. but only for the balance of the levy,
These several points will be very briefly considered in their numerical order:—
First. The motion being, as it certainly was, an action founded on the bond, the statute which authorizes an abatement as to any one of several joint obligors as to whom there shall have been a return of “no inhabitant,” and a judgment against the others who have been regularly notified, should be construed as being fully applicable to the procedure in this case.
Second. The official settlement, prescribed by statute and actually made with the Sheriff, upon the levies as laid and exhibited in the record, should be, at least, prima facie evidence against his sureties, on account of their relation of privity. And, though the result of that settlement, as to the precise balance found due, is only to be inferred from the fact that a judgment was rendered against the Sheriff in consequence of it; yet we may presume that the judgment was not for a greater amount than that reported to be due; and therefore, the fact that such a judgment was thus rendered, should, in our opinion, be some evidence against the sureties as to the delinquency of the sheriff, and the extent of it, even were we to admit that, without the settlement, the judgment would not have been any evidence against them. And there being no countervailing testimony, the proceedings and judgment against the sheriff, authorized the judgment against the sureties so far as the amount of it is concerned.
Third. There is no statutory limitation to such a motion; and we cannot decide that three years should bar the motion, either peremptorily or presumptively.
*184 Fourth. The bond was given expressly for collecting and accounting for such county “levies” as should become due and be collectable while the sheriff should continue in office; and therefore, it embraced, not only the levy before, but that also which was laid shortly after the execution of it, And, though the sheriff may not have been appointed the collector of this last levy by any special order of the County Court, still, as it does not appear that any other person was so appointed, it seems to have been his official duty, under the act of 1799, to collect that, as well as the former levy; and the settlement made with him, by the County Court, as well as his bond, embraced both levies. He appears, therefore, to have been bound to collect and to account for both.
Fifth. It was not the statutory duty of the County Court to proceed against the sheriff immediately after he became liable. And therefore, the mere forbearance to sue him for a year, did not, in our opinion, operate as a legal exoneration of his sureties.
Sixth. In authorizing a separate motion against the sheriff singly, or his sureties jointly, the Legislature only intended, as we presume, to prescribe remedy as on several liabilities. It would be unreasonable to presume that, in authorizing only a several motion, the Legislature intended that either the sheriff or his sureties should be entitled to legal exemption from a suit by motion, or that an unavailable judgment against either party upon motion should operate as a bar to a similar proceeding against the other party, not discharged from the several obligations imposed by the bond, and still liable to a common law action.
We are, therefore, of the opinion that the judgment against the sheriff, was not a bar to the separate motion against his sureties.
Seventh. But the statute, as hitherto judicially expounded, did not authorize the judgment for interest accruing before the date of the judgment, but prescribed a judgment only for the amount of levies unaccounted for. Wood et al. vs Sayre et al. 7 Mon. 663. It appears, also, that the sureties are entitled to a credit for thirty dollars made on an execution against their principal, and *185 that credit seems not to have been given in the judgment against them.
Wherefore, upon these last grounds, the judgment must be reversed, and the cause remanded.