UNITED STATES, for Use of VIGILANTI et al. v. PFEIFFER-NEUMEYER CONST. CORPORATION et al.

No. 7572.

District Court, E. D. New York.

Nov. 14, 1938.

Henry Woog, of New York City, for plaintiffs.

William Lurie, of New York City (David S. Konheim, of New York City, of counsel), for defendant New Amsterdam Casualty Co.

MOSCOWITZ, District Judge.

This action is one brought against the Pfeiffer-Neumeyer Construction Corporation, as principal, and the New Amsterdam Casualty Company, as surety on its bond.

On or about November 8, 1935, the United States of America and the defendant, Pfeiffer-Neumeyer Construction Corporation, entered into a contract whereby the Pfeiffer-Neumeyer Construction Cor-

poration agreed to furnish all of the labor and materials and to do and perform all the work required for the construction of the United States Post Office, at Ocean and Church Avenues, Brooklyn, New York.

That on or about November 15, 1935, the defendant New Amsterdam Casualty Company became surety on the bond of the defendant Pfeiffer-Neumeyer Construction Corporation in the penal sum of $36,200, conditioned upon the due and full performance of the agreements, terms and conditions of the contract with the United States of America.

On or about December 12, 1935, John Vigilanti entered into an agreement with the Pfeiffer-Neumeyer Construction Corporation by which Vigilanti agreed to furnish to it all the labor and materials required under and by virtue of its contract with the United States of America to do the work under the heading "demolition, excavation, concrete foundations, concrete arches, cement finish and vault construction, including the reception of, and placing reinforcing steel, and wire fabric reinforcing."

The defendant Pfeiffer-Neumeyer Construction Corporation failed to answer the complaint in this action and a default judgment was thereafter entered in favor of the plaintiffs against Pfeiffer-Neumeyer Construction Corporation.

Upon the trial of this action the plaintiffs offered in evidence the default judgment against Pfeiffer-Neumeyer Construction Corporation. Upon objection duly made the evidence of the default judgment was excluded. The plaintiffs contend

"1. That this judgment is admissible in evidence against the Surety and constitutes at least a prima facie case against it, leaving open only those defenses which are personal to the Surety; that is, which could not have been relied on by the contractor if it had defended; for instance, it can attempt to show that the judgment was collusive, or it can introduce affirmative evidence to show that the plaintiffs' claim was not within the protection of the bond, but the burden of this will be on the Surety;

"2. Plaintiff will contend further that upon proof that the Surety Company knew of the fact that the contractor had been served and that it, the Surety Company, was in a position to defend in the contractor's behalf as well as for itself, then the judgment is not only prima facie evidence, but is conclusive as well; that is, it can be attacked and its effect overcome only by proof of fraud or collusion in its entry."

Where the judgment sought to be offered in evidence was procured in an action of which the surety had full knowledge, and which it had full opportunity to defend but failed to do so, the judgment in that action is conclusive evidence against the defendant, except the defense of collusion and fraud in obtaining it. This was well stated by Judge Hutcheson in Lake County v. Massachusetts Bonding & Insurance Co., 5 Cir., 75 F.2d 6, as follows [page 8]: "Where it appears that the judgment against the defendant was obtained in a suit of which the surety had full knowledge, and which it had full opportunity to defend, the judgment therein is not only evidence, but conclusive evidence, against every defense except that of fraud and collusion in obtaining it. Moody v. Megee (D.C.) 31 F.2d 117; Strathleven S. S. Co. v. Baulch (C.C.A.) 244 F. 412; Burley v. Compagnie De Navigation Francaise (C.C. A.) 194 F. 335. Where it is not made to appear that the surety knew of and had opportunity to defend the suit, then the judgment is prima facie evidence that the surety is liable, sufficient to support a verdict unless it is rebutted by proof on the part of the surety that it was obtained through fraud or collusion, or that the loss or liability created by the judgment arose from acts other than those indemnified against under the conditions of the bond. Farmers' Elevator Co. v. U. S. F. & G. Co., 41 S.D. 614, 172 N.W. 519; Moses v. United States [166 U.S. 571, 17 S.Ct. 682, 41 L.Ed. 1119], and the other cases cited, supra." See Equitable Surety Co. v. Board of Commissioners, 5 Cir., 256 F. 773; Massachusetts B. & Ins. Co. v. Robert E. Denike, Inc., 3 Cir., 92 F.2d 657; Home Ins. Co. v. Savage, 231 Mo.App. 569, 572, 103 S.W.2d 900, 902; McPharlin v. Fidelity & D. Co., 162 Mich. 141, 127 N.W. 307; City of Philadelphia v. Pierson, 217 Pa. 193, 66 A. 321.

The reason for the rule of law that the surety is bound by a judgment against its principal when it had knowledge of the action, and had full opportunity to defend, is based upon common sense and reason. A surety cannot stand idly by with full knowledge of an action pending against its principal, permit a judgment to be taken against the principal, and later on, when an action is brought upon its bond, require the plaintiff to retry his case. This would result in two trials of the same issue. It

would retard and not promote the administration of justice.

This case is readily distinguishable from the cases which have been cited in this opinion. Here a judgment of default was entered against the principal in this action which the surety defended. The surety was not responsible for the principal defaulting in this action. Upon the trial of this action it was entitled to offer its defenses. It was not in any wise bound by the default judgment obtained against the principal. See United States, to Use of Fidelity National Bank, v. Rundle et al., 9 Cir., 107 F. 227, 52 L.R.A. 505 in which the Court decided [page 229]: "But the plaintiff in error contends that the judgment rendered against the contractor in the present action is evidence against the sureties of all the facts pleaded in the complaint, and that they cannot now dispute the assignment of the claims. The rule which is sustained by the weight of authority is that a judgment against the principal upon a bond such as that here sued upon is not admissible in evidence against the sureties, except: First, in cases where the bond is conditioned to pay such judgment as may be rendered against the principal; and, second, in cases in which the sureties have had the opportunity to appear and defend in the action against the principal,—and that the judgment, when so admissible, is 'evidence against the surety of the fact of its recovery only, and not evidence of any fact which it was necessary to find in order to recover such judgment.' Brandt, Sur. (2d Ed.) § 630, and cases there cited. The present case does not come within the letter of the first exception to the rule, nor within the spirit and intent of the second. This is not a case in which the sureties had the opportunity to defend, and failed to defend, an action which was brought against their principal. This is not the ordinary case in which a judgment has first been obtained against the principal, and a second action is brought against the sureties to compel its payment. In such a case the first judgment is held to be evidence against the sureties, for the reason that it is the result of a judicial investigation in which the sureties might have availed themselves of the opportunity to make a defense for their principal. Here the action is brought in the first instance against the principal and his two sureties. The principal, presumably for the reason that he owed the bank the full amount for which the action was brought, and had no defense, made no appearance in the action. Judgment by default was rendered against him. But at the same time that this was done the sureties were in court in the same action with their answer to the complaint denying the assignment of the claims to the bank, and denying, so far as the unassigned claims were concerned, their own, and incidentally their principal's, liability upon the bond. Upon what principle can it be said that the silence of the contractor—his failure to make answer—can be shown in evidence against the sureties upon the very issues which they had raised both for him and themselves upon their denial that certain of these claims had been assigned to the bank?"

No error was committed by the Court upon the trial in excluding the default judgment.