**SUTTER, Appellee, v. HILL, d. b. a. SINCLAIR-HILL COMPANY et, Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21881.   Decided June 19, 1950.

John V. Corrigan, Cleveland, for appellee.
B. C. Turner, Cleveland, for appellant.

(HUNSICKER, PJ, DOYLE, J, of the 9th District, FESS, J, of the 6th District, sitting by designation.)

## OPINION

By DOYLE, J:

Ann Esther Sutter commenced an action in the Court of Common Pleas of Cuyahoga County against William M. Hill and The Aetna Casualty & Surety Company, in which it was alleged that the said Hill was a duly licensed real estate broker with a bond executed and delivered to the State of Ohio in compliance with §6373-35 GC, with The Aetna Casualty & Surety Company as surety for the broker, and conditioned upon the faithful observance of all of the provisions of the act regulating real estate brokers, and to indemnify any person who might be damaged by a failure on the part of the broker to conduct his business in accordance with the requirements of §6373-25 to §6373-51 GC.

In her petition she alleged that she signed a written offer to purchase certain real estate "on which property defendant broker * * * held an exclusive right to sell on behalf of the owner * * *; that * * * she paid to said broker, doing business as the Sinclair-Hill Realty Company, * * * a partnership, the sum of $500.00; that said amount in accordance with the terms of the contract was to be credited to her account or was to be returned to her upon demand in the event her written offer to purchase was not accepted within thirty days; that defendant broker wholly failed to convey said offer to purchase to the seller; that at the expiration of the thirty-day period plaintiff made demand, according to the terms of the written offer to purchase, for the return of her money; and that defendant broker has failed within a reasonable time to account for, or to remit, or to return, the money which came into his possession which rightfully belongs to the plaintiff."

The record shows the defendant Hill to be in default of answer to the petition, although the record indicates service of process upon him. The surety company answered by admitting that "it became surety for Wm. M. Hill as a real estate broker pursuant to §6373-35 GC," but in further answering denied "each and every allegation of plaintiff's petition not specifically * * * admitted to be true."

Upon these pleadings a jury was waived and the cause was tried to the court.

The narrative bill of exceptions recites that at the commencement of the trial "the court stated that since proper service had been made on Wm. M. Hill, the plaintiff was entitled to default judgment against him." There was then introduced evidence showing that the plaintiff had contacted the realty office of Sinclair-Hill & Company and nego-

tiated with a Mr. Sinclair for the purchase of certain property advertised by the realty company, and, in connection with her offer of purchase evidenced by a signed purchase agreement submitted to her by Sinclair, she gave to Sinclair a money order for $500.00.

At no place in the entire record is there any credible evidence tending to prove that the defendant Hill was a partner in Sinclair Hill & Company, or that he had any connection with the firm or with the plaintiff. Any conclusion that he was associated with Sinclair or the firm of Sinclair Hill & Company or had any dealings with the plaintiff, either directly or indirectly, would be mere guess and speculation.

On February 2, 1950, the following judgment was entered of record:

"A jury having been waived the court finds in favor of and renders judgment for plaintiff against defendant William M. Hill for $535.00 and costs. No record. (Heard and submitted as to Aetna Casualty & Surety Company, Hartford, Conn., a corporation.)"

On March 9, 1950, appears the following judgment entry:

"A jury having been waived the court finds in favor of and renders judgment for plaintiffff against defendant The Aetna Casualty & Surety Company for $535.00 and costs. No record."

Appeal was perfected to this court from the judgment last noted (March 9, 1950), and the following errors are assigned as grounds for reversal:

"1. Having received evidence that the plaintiff had no cause of action against defendant Wm. M. Hill, the court erred in entering a default judgment;

"2. The court erred in overruling the defendant's motion for judgment made at the close of plaintiff's case:

"(a). The court erred in accepting the principal's default as conclusive against the surety;

"(b) The court erred in finding against the surety when there was no evidence against the principal.

"3. The court erred in overruling the defendant's motion for judgment at the close of all the evidence."

In consideration of the above claims, we are of the opinion that the claim of error first asserted is not tenable. Appeal was not taken from that judgment, and certainly we cannot in this appeal from a different judgment, rendered against another party, determine the merits of the default judgment against Hill.

Proceeding now to the second claim of error, we determine the law to be that where, in an action by a creditor against a principal, judgment is obtained by default against the prin-

cipal, and the creditor then continues his action against the surety, the rendition of the judgment by default against the principal does not create a rebuttable presumption of the principal's liability, nor does it establish a prima facie case. Proof of the default judgment against the principal is evidence only of the fact of its rendition. Restatement of the Law, Security, Sec. 139 (3), and Comment on Subsection (3) at page 375.

However, in the case under consideration, assuming that the default judgment is some evidence of the surety's liability, the facts before us rebut such evidence to such a degree that reasonable minds might conclude only that no case was made against the surety.

For the reasons stated, the judgment under review is reversed, and the cause is remanded.

HUNSICKER, PJ, and FESS, J, concur.