No. 16,558.

MASSACHUSETTS BONDING AND INSURANCE COMPANY
*v.* CENTRAL FINANCE CORPORATION.
(237 P. [2d] 1079)

Decided October 15, 1951. Rehearing denied November 26, 1951.

Mr. ISAAC MELLMAN, for plaintiff in error.

Messrs. SHUTERAN, ROBINSON & HARRINGTON, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error, which was one of the defendants below, will be referred to as the bonding company and defendant in error as finance company.

One Robert Caldwell, a dealer in used motor vehicles, in compliance with the following sections of Colorado statutes, obtained a surety bond from the bonding company.

The sections of the Motor Vehicle Act here involved are:

"Before any Motor Vehicle- Dealer's license or Used Motor Vehicle Dealer's license shall be issued by the Administrator to any applicant therefor, the said applicant shall procure and file with the Administrator a good and sufficient bond in the amount of Two Thousand Five Hundred Dollars ($2500.00) with corporate surety thereon, duly licensed to do business within the State of Colorado, approved as to form by the Attorney General of the State of Colorado, and conditioned that said applicant shall conduct his business as a dealer without fraud or fraudulent representation, and without the violation of any of the provisions of· this act." Section 9, chapter 78, S. L. '45.

"If any person shall suffer any loss or damage by reason of fraud, fraudulent representation or violation of any of the provisions of this act by a licensed dealer or one of his salesmen, then acting for the dealer on his behalf, or within the scope of the employment of such salesman, such person shall have a right of action against such dealer, the automobile salesman guilty of the fraud, fraudulent representation or violation of any of the provisions of this act, and the sureties upon their respective bonds." Section 11, chapter 78, S. L. '45.

"It shall be unlawful and a violation of this act for the holder of any license issued under the terms and provisions hereof: * * * (D) To violate any law of the State of Colorado now existing or hereafter enacted respecting commerce in motor vehicles or any lawful rule or regulation respecting commerce in motor vehicles promulgated by any licensing or regulating authority now existing or hereafter created by the laws of the State of Colorado. * * * " Section 8, chapter 121, S. L. '47.

On July 21, 1948, Caldwell, the dealer, sold an automobile to Albert Roberts and his wife, who executed a note and chattel mortgage thereon for $1,725.60 representing the balance of the purchase price. The note and mortgage were assigned to the finance company.

To recover the loss or damage it claimed to have sustained by this·transaction, the finance company filed its complaint against Caldwell and the bonding company, alleging false and fraudulent acts of the defendant Caldwell in representing that the title to said mortgaged car was free and clear of all encumbrance, when in fact, and well known to Caldwell, the title to said automobile was not clear, but subject to a first and valid lien to the Federal Credit Union of Long Beach, California, and with intent to deceive plaintiff, represented that the title to said automobile was free of liens and thereby induced plaintiff to loan to Roberts and his wife the sum of $1,725.66, which money was had and received by the defendant Caldwell; that Caldwell at the time of making the sale did not have the original bill of sale or certificate of ownership, but on the contrary, delivered a false and fictitious bill of sale showing said car to be free and clear of all liens; that by reason of the false and fraudulent acts of Caldwell, the plaintiff was damaged in the sum of $726.02; that the bonding company had executed a bond to indemnify all who dealt with Caldwell against loss by his wrongful or fraudulent acts and in violation of the statutes of the State of Colorado; that the acts were attended by circumstances of fraud or wanton and reckless disregard of plaintiff's rights to the further damage of plaintiff in the sum of $750.00.

This complaint was filed October 23, 1948, and the bonding company filed its motion to dismiss on November 18, 1948. This motion was overruled and the bonding company answered February 9, 1949. At a pretrial conference on September 17, 1949, counsel for Caldwell and the bonding company stipulated that default be entered against Robert Caldwell for failure to file answer and

that judgment enter against him for actual damages in the sum of $726.02. At this pretrial conference it was further stipulated that trial on the matter of exemplary damages be determined at the time of the trial of the finance company against the bonding company.

On February 18, 1950, the finance company, in the same cause of action, filed a complaint denominated as a second cause of action against the bonding company, setting up its judgment that had been entered against Caldwell on the basis of the complaint against him, and that said judgment was entered with the full knowledge and consent of the bonding company and that on account of the failure of the bonding company to pay the amount of the judgment against Caldwell, prayed for judgment against the bonding company for $726.02 with interest and costs. To this second cause of action, the bonding company filed its answer generally denying the allegations of fraud against Caldwell. Trial was had to the court and oral findings made in favor of plaintiff and against defendant bonding company and judgment entered thereon in the sum of $625.40. To reverse this judgment the writ of error herein is prosecuted.

Fourteen points for reversal are specified and argued under four topics which, generally, are: That the trial court failed to make findings of fact and conclusions of law in accordance with the provisions of rule 52 of R.C.P., Colo.; objections to the testimony of witnesses concerning the alleged fraud on the part of Caldwell, and the tendency of such testimony to show that the representations made to the finance company were made by one Bobrick, who was the owner of the lot on which Caldwell operated his used-car business, and who also had a license to operate a used-car business on the same lot; refusal of the court to grant the bonding company's motion to dismiss at the close of plaintiff's case.

The bonding company's motion to dismiss was based generally on the proposition that none of the factors necessary to establish the facts of the complaint as against

Caldwell for fraud and misrepresentations were present, testified to, or shown by the plaintiff.

■ The trial court made no written, detailed findings of fact or conclusions of law, but made oral findings to the effect that the issues joined were in favor of plaintiff. The bonding company stood on its motion to dismiss and submitted no evidence; therefore, there were no disputed facts in the case and the oral findings of the court were, and are, sufficient to support the judgment. This assignment of error is, therefore, without merit.

■ We do not find it necessary to discuss the errors claimed concerning the evidence and the proof, or failure of proof, of fraudulent representations on the part of Caldwell, for the reason that the failure of Caldwell to appear and defend, and his agreement, through counsel, that a default be entered against him in this case is a conclusive adjudication as to the matters and allegations properly averred in the complaint. 50 Am. Jur. 1036, §§200, 201, 202. The facts concluded by a default judgment are generally those existing at the time when the complaint was filed. *Maddux v. County Bank*, 129 Cal. 665, 62 Pac. 264. The basis of the judgment against Caldwell was the false and fraudulent acts of Caldwell to the damage of plaintiff finance company.

■ The evidence discloses violations on the part of Caldwell of the Motor Vehicle Act, supra, and was so determined by the trial court. Section 9 of the Motor Vehicle Act, supra, provides for a surety bond conditioned " * * * that said applicant shall conduct his business as a dealer without fraud or fraudulent representation, and without the violation of any of the provisions of this act." The judgment against Caldwell is conclusive on the allegation of fraud, and the bond here involved provides for indemnity for any and all persons, firms, and corporations for any loss suffered by reason of the fraud or fraudulent representations made, or through the violation of any of the provisions of the said Motor Vehicle Dealer's law and *shall pay* all judgments and costs

adjudged against said principal on account of fraud or fraudulent representations. We see no escape from liability on the part of the bonding company under these circumstances.

The judgment is affirmed.

MR. JUSTICE STONE and MR. JUSTICE KNAUSS concur in the result.

MR. JUSTICE ALTER not participating.