No. 17,651.

DUKE W. DUNBAR, ATTORNEY GENERAL, ETC.
v. COUNTY COURT, CLEAR CREEK COUNTY, ET AL.
(283 P. [2d] 182)

Decided May 2, 1955.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy Attorney General, Mrs. PATRICIA H. MALOY, Assistant Attorney General, Mr. RONALD J. HARDESTY, Assistant Attorney General, for relator.

Mr. E. L. REGENNITTER, for respondents.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THE record of the proceedings in the trial court has not, as yet, been lodged in this Court; however, in the answer to the rule to show cause, it appears from "Exhibit 4" that the Attorney General did not file designation of authority from the Governor to appear therein according to C.R.S. 1953, 3-9-1.

July 9, 1954, a claim based upon the Old Age Pension Act was filed by the Department of Public Welfare of Clear Creek county against the estate of George W. Cooper, deceased, then pending in the county court. A hearing on this claim was had on September 7, 1954, and the judge of said court on October 22, 1954, made oral findings of fact and conclusions of law and entered its judgment allowing $72.00 of the claim and denying the balance in the sum of $3,224.78. On January 19,

1955, the Attorney General, on behalf of the Department of Public Welfare of Clear Creek county, procured a writ of error from this Court to review said judgment, and on January 21, 1955, filed a designation of record with the respondent court, which, among other things, listed, "Agreed findings of fact and conclusions of law." It is shown by the answer herein, and not denied, that the record of the trial court never contained such agreed findings of fact and conclusions of law, or any written findings of fact or conclusions of law in connection with the claim and the judgment thereon.

February 5, 1955, the Attorney General filed a motion in the trial court requesting it to enter findings of fact and conclusions of law, which was denied after a hearing on February 14, 1955.

It seems to be the contention of the Attorney General that in order to perfect an appeal on writ of error in this Court, written findings of fact and conclusions of law are necessary, and therefore this original proceeding was instituted on March 24, 1955, for a rule to show cause why the lower court should not be required to enter written findings of fact and conclusions of law in the record. Inadvertently, on March 28, 1955, such rule issued and answer and return thereto has been duly made. It is stated in the petition: "The duty of entering written findings of fact and conclusions of law is imposed on respondent by rules 52 (a) and 112 (a), R.C.P. Colo., which, in applicable part, is as follows:

"Rule 52. Findings by the Court.

"(a) *Effect*. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts and state its conclusions of law thereon and direct the entry of the appropriate judgment; * * *."

"Rule 112. Record on Error.

"(a) *Preparation, Certification*. * * * There shall be transmitted to the supreme court a properly folioed true copy of the matter designated by the parties, which shall always include, whether or not designated, copies of the

following: The material pleadings without unnecessary duplication, the verdict or the findings of fact and conclusions of law together with the direction for the entry of judgment thereon, * * *."

■ We are not in agreement with the statement contained in the above-quoted petition that " * * * written findings of fact and conclusions of law is imposed on respondent by Rules 52 (a) and 112 (a)." Since this erroneous interpretation of the rule frequently occurs, it must be actuated on the suggestion that "The wish is the father of the thought."

It further is stated in the petition, "The refusal and failure on the part of respondent to enter said findings of fact and conclusions of law constitutes, in effect, a denial of the right of appeal to this Honorable Court from a judgment of respondent." We assume this statement or allegation is prompted by rule 112 (a) supra, which cannot be read in the light insisted upon by petitioner.

■ The ruling we now are making on the first question is indicated in *Massachusetts Bonding & Insurance Co. v. Central Finance Corporation,* 124 Colo. 379, 237 P. (2d) 1079. It is desirable practice — if written findings are thought to be necessary in any case — that the party feeling the need thereof should make written request for such findings and file same with the trial court. This is especially desirable in county courts, which are so-called courts of record, but are without recorded proceedings such as may be shown from courts having an official reporter. So long as rule 52 (a) is maintained in its present form, elementary-grade reading thereof would not disclose that written findings of fact and conclusions of law are required. The same reader, in passing on to rule 112 (a), could not interpolate that the right of an appeal was denied by the absence of written findings of fact or conclusions of law in the record. The rule plainly and unmistakably reads, " * * * *the verdict or* the findings of fact and conclusions of law * * *."

It follows that we cannot say that the trial court was in error in denying the motion for the entry of such written findings; and for the reasons herein indicated the petition for original proceedings in this Court is untimely and without basis.

█ If the case is properly here on writ of error, then it becomes the duty of the Attorney General under C.R.S. 1953, 3-9-1, to prosecute the cause in this Court. The applicable part of said statute is, "He shall attend in person at the seat of government during the session of the general assembly and the supreme court and shall appear for the state, prosecute and defend all actions and proceedings, civil and criminal, in which the state shall be a party or interested when required to do so by the governor or general assembly, and shall prosecute and defend for the state all causes in the supreme court in which the state is a party or interested." However, not having obtained an executive order authorizing and requiring the Attorney General to appear in this cause and file such executive order in the trial court, we question whether the state was in fact properly represented therein, and if this is true, then the state was without representation to sue out the writ of error here pending.

Nothing said herein is to be construed as the slightest criticism whatever of our present most competent Attorney General, personally. We fully realize his duties are such, and are so commanding as to his time, that it would be next to impossible for him to scrutinize the details of every passing bit of litigation that is of lesser importance.

For the reasons herein indicated, the rule to show cause is discharged.