Argued March 10, affirmed March 23, 1960

## KLIKS *v.* McCAFFREY AND BETTIS

350 P. 2d 417

*Donald H. Joyce,* Portland, argued the cause for appellant.

*Harlow F. Lenon* argued the cause for respondent. On the brief were Lenon & Willner, Portland, and Wade P. Bettis, Canby.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and HOLMAN, Justices.

HOLMAN, J. (Pro Tempore)

This is an action brought by the plaintiff Kliks against the defendants McCaffrey and Bettis. McCaffrey was a second-hand automobile dealer and as such was required to be bonded under ORS 481.310. Bettis was his bondsman. McCaffrey contacted plaintiff early one morning and told him he had an opportunity to make a good buy on two specific automobiles if he could get sufficient money to make the deal. He asked to borrow $3,000 from plaintiff for that purpose and promised to deliver to the plaintiff the certificates of title as security later in the day. He signed a note for $3,000 and a memoranda of the deal, received the money and went on his way. He never came back with either the titles or the money. As a matter of fact, he had already purchased the autmobiles in question.

Plaintiff and McCaffrey had entered into many previous transactions. Plaintiff had defended McCaffrey on a criminal charge. McCaffrey owed him $7,000 to $8,000 aside from attorney's fees. Plaintiff was, at that time, holding two checks of McCaffrey's totaling

$400 for premiums on insurance written by plaintiff which had not been honored because of insufficient funds.

Plaintiff brought this suit against McCaffrey for fraud and against Bettis on his bond, under ORS 481.310 (2), which provides as follows:

"If any person suffers any loss or damage by reason of the fraud, fraudulent representations or violation of any of the provisions of this chapter by a licensed dealer, he has a right of action against such dealer and a right of action in his own name against the surety upon the bond."

McCaffrey entered an appearance by demurrer and when it was overruled, defaulted and failed to file an answer. An order of default was taken against him prior to trial and he was not represented at the trial.

After all the testimony was in, the court entered a directed verdict against McCaffrey and submitted the case against Bettis to the jury.

The court instructed the jury that in order to recover against Bettis, the money would have had to have been secured from plaintiff by McCaffrey by fraud, that fraud could not be based upon a promise to do something in the future unless the person making the promise, at the time he made it, had no intention of performing. The jury returned a verdict in favor of Bettis. Plaintiff here appeals the adverse verdict in favor of Bettis.

■ Plaintiff first contends the trial court erred in refusing to allow him to amend his complaint so that he could plead the insolvency of McCaffrey at the time of the transaction for the purpose of showing his lack of intention of paying the money back and thus his intention to defraud. This is an evidentiary matter

and not one of pleading. Plaintiff could have introduced evidence of McCaffrey's insolvency if he had desired under his plea of fraud. It was not necessary or proper to plead insolvency as it was merely an evidentiary matter.

■ Plaintiff contends that the court erred in giving an instruction relative to fraud based on a failure to perform a promise to do acts in the future as plaintiff contends there was nothing in the case upon which to apply such an instruction. McCaffrey promised to return the same day with the titles and to repay the money in 30 days. The jury could have found that he had no intention of so doing and was, therefore, guilty of fraud. The instruction was applicable to this determination.

■ Plaintiff also contends that the entry of the directed verdict against McCaffrey on the issue of fraud is binding on the bondsman Bettis, and, therefore, there was no issue to submit to the jury. Bettis is not defending for McCaffrey; he is defending his own liability and is not bound by McCaffrey's default and the prima facie case made against McCaffrey.

Arant on Suretyship, § 81, p 378:

"Where the principal permits a default judgment to be rendered against him, the facts alleged to constitute the basis of his obligation and determinative of its extent have never been the subject of real inquiry, and, for this reason, such a judgment should be only prima facie evidence against the surety of the principal's obligation."

■ There was another issue of fact, besides the fraudulent intent of McCaffrey, on which Bettis was entitled to a determination of the jury. Was plaintiff entitled to rely on the representation of McCaffrey that

he would bring the titles back that day? In view of plaintiff's knowledge of McCaffrey's past difficulties we cannot say there was no issue of reliance by plaintiff on McCaffrey's representations to be presented to the jury.

There being no error in the record, the judgment is affirmed.