Hillsborough
No. 6795

C-E BUILDING PRODUCTS, INC.

v.

SEAL-RITE ALUMINUM PRODUCTS OF N.H., INC.,
AND MICHAEL J. DONOVAN

February 28, 1974

*Victor W. Dahar,* by brief and orally, for the plaintiff.

*Gerald Cabitt,* trustee in bankruptcy for the defendant Seal-Rite Aluminum Products of N.H., Inc., pro se, by brief and orally.

*Hanrahan & Flynn* and *John C. Emery (Mr. Emery* orally) for defendant Michael J. Donovan.

GRIFFITH, J. This action by the plaintiff to recover for goods sold and delivered to defendant Seal-Rite Aluminum Products of N.H., Inc., was brought against Seal-Rite and Michael J. Donovan as guarantor by writ returnable in March 1972. Initially the same counsel appeared for both defendants but on July 7, 1972, Seal-Rite filed in bankruptcy and on August 28, 1972, counsel withdrew their

appearance for the corporate defendant. Attorney Cabitt was appointed trustee in bankruptcy of the corporate defendant and on September 11, 1972, filed his appearance as trustee in bankruptcy for Seal-Rite. On October 13, 1972, plaintiff filed a motion for summary judgment against Seal-Rite giving notice to the trustee in bankruptcy but none to counsel for Donovan. The trustee in bankruptcy concluded there was no defense by Seal-Rite to the action and with the permission of the referee in bankruptcy permitted summary judgment against the corporate defendant in the amount of $69,729.21 on November 7, 1972.

On November 20, 1972, counsel for Donovan filed a motion to set the judgment aside which was granted January 15, 1973, by the Trial Court (*Perkins*, J.) who reserved and transferred plaintiff's exception.

In the present posture of the case the issue of whether Donovan was entitled to notice of the motion for summary judgment is immaterial. The question now is whether Donovan was entitled to prevent judgment being entered against Seal-Rite which Seal-Rite's trustee in bankruptcy did not oppose. If Donovan as surety is prejudiced by the judgment against his principal then the trial court ruling setting the summary judgment aside should be sustained. However, we find no possible prejudice to defendant Donovan and accordingly sustain plaintiff's exception.

It is not alleged in this case that Donovan agreed to pay any judgment that might be recovered against the principal (*see Judge of Probate v. Sulloway*, 68 N.H. 511, 44 A. 720 (1896)) but rather that he guaranteed the payment for goods supplied the corporate defendant. While there is some apparent authority to the contrary (*see* 72 C.J.S., *Principal & Surety* § 261 (1951); 50 Am. Jur. *Suretyship* § 200 (1944); Annot., 59 A.L.R.2d 752 (1938)), logic and justice dictate that in this situation the judgment "not only not be conclusive in an action against the surety, but should not be admissible evidence of the facts litigated, since they were established in an action to which the surety was not a party . . . ." 10 S. Williston, Contracts §1256, at 817 (3d ed.

1967); *Monmouth Lumber Co. v. Indemnity Ins. Co. of North America,* 21 N.J. 439, 122 A.2d 604 (1956); *Lesczauskis v. Downs,* 286 Ill. 281, 121 N.E. 590 (1918); *cf.* Restatement of Security § 139 (3) (1941).

The defendant Donovan in the action against him "may set up any defense, legal or equitable," which was available to Seal-Rite *(Lavigne v. Lavigne,* 87 N.H. 223, 225, 176 A. 282, 283 (1935)), in addition to any defenses he may have as surety, and the judgment against Seal-Rite is inadmissible in evidence in the case against him. Therefore, he has no interest in or standing to prevent the judgment against Seal-Rite.

> *Plaintiff's exception sustained; judgment for plaintiff against Seal-Rite Aluminum Products of N.H., Inc.*

All concurred.