393 So.2d 28 (1981)
HERITAGE INSURANCE COMPANY OF AMERICA, Appellant,
v.
FOSTER ELECTRIC COMPANY, INC., Appellee.
No. 80-945.
District Court of Appeal of Florida, Third District.
January 13, 1981.
Rehearing Denied February 18, 1981.
Chappell, Brandt & Gore and Alan C. Brandt, Jr., Fort Lauderdale, for appellant.
Courshon & Berk and Ira F. Markowitz, Miami, for appellee.
Before BARKDULL, BASKIN and PEARSON, JJ.
BASKIN, Judge.
The issue presented by this appeal is a question of first impression in Florida state courts.[1] We are asked to determine the legal effect upon the surety of a default judgment against its principal. We hold that a default judgment against the principal is not conclusive as to a co-defendant surety. We reverse.
Heritage Insurance Company of America furnished a performance and payment bond covering an agreement by Cammarata Constructions, Inc. to furnish and install electrical materials for Foster Electric Company in a store known as National Health Foods Central. Foster brought an action seeking to recover for labor and services involved in improvements at National Health Foods Central and other stores as well as to recover under the bond. When Cammarata *29 failed to respond to the complaint, the court entered a final judgment against Cammarata. Before entry of the final judgment, Heritage filed an answer to the complaint. Foster maintained that it was entitled to summary judgment against Heritage by virtue of the final judgment against the principal on the bond, Cammarata. The trial court agreed and entered summary judgment for Foster for $6,366.51, plus attorney's fees and costs, based on the $16,583.06 judgment against the principal, Cammarata.
A review of existing case law discloses that authorities are in conflict concerning the legal effect on a surety of a default judgment against its principal. A default judgment has been considered conclusive: United States Fidelity & Guarantee Co. v. St. Mary's Hospital of Tucson, 10 Ariz. App. 346, 458 P.2d 966 (1969); Massachusetts Bonding & Insurance Co. v. Central Finance Corp., 124 Colo. 379, 237 P.2d 1079 (1951); the judgment has been held inadmissible: United States ex rel. Vigilanti v. Pfeiffer-Neumeyer Construction Corp., 25 F. Supp. 403 (E.D.N.Y. 1938); and the judgment has been considered prima facie evidence that the surety is liable: Seaboard Surety v. Westwood Lake, Inc., supra; Escambia Chemical Corp. v. Rocker, 124 Ga. App. 434, 184 S.E.2d 31 (1971). Prima facie evidence may be contradicted by the surety. Escambia Chemical Corp. v. Rocker, supra.
Heritage argues that the judgment entered against its principal upon a default should not bind it as surety because it has no control over its principal and cannot defend on behalf of the principal. A defense in its own behalf would be inadequate to forestall an adverse judgment if the default judgment is held to be conclusive. On the other hand, Foster contends that when an indemnitor has notice of the suit against its indemnitee, a judgment rendered without fraud or collusion is conclusive against the indemnitor when it had an opportunity to appear and defend. MacArthur v. Gaines, 286 So.2d 608 (Fla. 3d DCA 1973).
The facts in the case before this court are distinguishable from those in MacArthur v. Gaines, supra. As co-defendant, Heritage was on notice of the existence of the law suit; nevertheless, it was unable to defend against the default judgment. More closely analogous is Dade County v. Lambert, 334 So.2d 844 (Fla. 3d DCA 1976). In Lambert, a case concerned with vicarious liability of the county for an injury caused by its negligent bus driver, the court held that the driver could not deprive the county of its right to a jury determination of its defense even though that defense would be common to the driver.
The default of one defendant, although an admission by him of the allegations of the complaint, does not operate an an admission of such allegation as against a contesting co-defendant. Marc Bellaire, Inc. v. Fleischman, 185 Cal. App.2d 591, 8 Cal. Rptr. 650; Fawkes v. National Refining Co., 341 Mo. 630, 108 S.W.2d 7; Compare 98 A.L.R. 938-957. Thus, it was error to direct a verdict against the County based on Laster's default.
Dade County v. Lambert, supra at 847.
The prima facie rule, that is,
Where it is not made to appear that the surety knew of and had opportunity to defend the suit, then the judgment is prima facie evidence that the surety is liable, sufficient to support a verdict unless it is rebutted by proof on the part of the surety that it was obtained through fraud or collusion, or that the loss or liability created by the judgment arose from acts other than those indemnified against under the conditions of the bond.
Lake County for Use and Benefit of Baxley v. Massachusetts Bonding & Insurance Co., supra, is the appropriate rule to be applied against a co-defendant surety who had knowledge of the suit but lacked the opportunity to defend on behalf of its principal.
For these reasons, we reverse the summary judgment entered by the trial court and remand for further proceedings.
NOTES
[1] The issue has been addressed in federal courts. Seaboard Surety Co. v. Westwood Lake, Inc., 277 F.2d 397 (5th Cir.1960); Lake County ex rel. Baxley v. Massachusetts Bonding & Insurance Co., 75 F.2d 6 (5th Cir.1935).