OHIO CASUALTY INSURANCE COMPANY, Appellant,

v.

KENTUCKY NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellee.

Court of Appeals of Kentucky.

Dec. 31, 1986.

Lee W. Rowland, Clark, Ward, Stuart & Hopgood, Lexington, for appellant.

James P. Berry, Natural Resources & Environmental Protection Cabinet, Frankfort, for appellee.

Bobby D. Williams, Hindman, for third party defendant/appellee Thomas Adams.

Before DUNN, COOPER and WILHOIT, JJ.

DUNN, Judge.

This is an action to hold the surety Ohio Casualty Insurance Company liable for the acts of a public official principal without affording the surety notice and an opportunity to defend the underlying action against the principal. The trial court ruled against the surety by summary judgment, and Ohio Casualty appeals.

Appellee Kentucky Natural Resources and Environmental Protection Cabinet is the judgment creditor below. Appellee obtained judgment against Jerry Collins, and against Phyllis Collins and Cleveland Smith for alleged violations of strip mine rules and regulations. Appellee sent two notices of execution on personal property to the sheriff of Knott County Thomas Adams to levy and collect the judgments against Jerry Collins, and Phyllis Collins and Cleveland Smith. A deputy sheriff made returns of "no property found" on October 26, 1984. These were filed with the Franklin Circuit Court on November 10, 1984. Apparently not satisfied with the notation of "no property found," appellee inquired about the status of the execution. Receiving no reply from the Knott County sheriff, appellee on January 10, 1985, filed two motions in Franklin Circuit Court to hold the sheriff liable for failure to execute on the property and to file a return on the executions. A hearing was held on January 28, 1985, in Franklin Circuit Court and the sheriff did not appear or answer, although it is not clear whether his absence and silence were by choice or because of failure to receive notice. Therefore a judgment in the amount of approximately $43,000 for both writs was entered against the sheriff on January 29, 1985. He failed to appeal that judgment.

Appellee filed a complaint on February 26, 1985, in Franklin Circuit Court to collect this judgment from appellant as the surety on the sheriff's official bond. Appellant defended in part on the basis that it had no notice and was not a party to the action holding the sheriff, its principal, liable for failure to make proper execution. The trial court found, in granting summary judgment on July 17, 1985, that appellant's attempt to question the validity of the judgment of January 29, 1985 was res judicata. Appellant filed a timely motion to reconsider or vacate the summary judgment, which the trial court overruled, and final judgment was entered on October 21, 1985. Appellant filed its notice of appeal on October 31, 1985.

The dispositive issue is whether the principles of res judicata bind a surety on a general fidelity bond for a public official for a judgment holding the official liable for wrongful execution when the surety had no notice of nor opportunity to defend the underlying action. We hold that res judicata does not prevent the surety from defending with any argument it could have

made had it been a party to the underlying action against the principal.

Two subsidiary issues are the proper measure of damages and the calculation of statutory interest. These will be mentioned briefly but are not necessary to the determination of this case.

■ Appellant argues that res judicata does not apply because there was no identity of parties, no identity of issues, and no decision on the merits when the sheriff was found liable for wrongful execution. This Court is of the opinion that the decision today turns not so much on principles of res judicata, but on principles of suretyship law. This area of the law is a quagmire and has engendered "much contrariety of opinion in the decisions of the courts." 72 C.J.S. *Principal and Surety* § 261 (1951). The question of a surety's liability also turns on the terms of the contract between the surety and the principal. 63A Am. Jur.2d *Public Officers & Employees* § 505 (1984). Appellant has not seen fit to supply the trial court or this Court with a copy of the sheriff's contract, and therefore we cannot comment on the specific terms of that agreement. However, we do not find that necessary to our determination of the case.

■ The type of bond involved is not material unless it is an injunction or judgment bond. With this type of bond, the surety is obligating itself to pay a particular judgment rendered against a principal, even though the surety had no notice, so long as the judgment is one within the purview of the agreement between surety and principal. 74 Am.Jur.2d *Suretyship* § 153 (1974). *See also* 46 Am.Jur.2d *Judgments* § 553 (1969). In a judgment or injunction bond, the judgment against the principal is conclusive against the surety if it is free of fraud and collusion. 74 Am. Jur.2d *Suretyship* § 153 (1974).

Appellee cites *Brewer v. Kirk*, 256 Ky. 822, 77 S.W.2d 34 (1935), for the premise that a surety is bound even when it did not receive notice of the action against the principal. However, *Brewer* dealt with an injunction bond whereby the surety was agreeing in a particular action that it would pay should the court later decide an injunction should not have been issued. *Id.* Appellee's reliance on *Brewer* is misplaced.

The bond in the instant case could be denominated a general undertaking bond, public official bond, fidelity bond. These are basically to ensure that the principal will faithfully perform the duties of his office. *See also Howze v. Surety Corp. of America*, 584 S.W.2d 263, 265 (Tex.1979); *Phillips v. Board of Education of Pineville*, 283 Ky. 173, 140 S.W.2d 819, 822 (1940); KRS 70.020(1).

The courts having decided the issue break down into three camps: Judgment against a principal: 1) is no evidence in a separate action against the surety unless the surety was a party or privy to the underlying action; 2) is at least prima facie evidence against the surety even though the surety had no notice of the previous action; or 3) is conclusive against the surety. In 2) and 3) above, the surety may still defend on the basis of fraud or collusion in obtaining the judgment. 74 Am.Jur.2d *Suretyship* § 152 (1974). As a subsidiary to the no evidence rule, some authorities and courts have reasoned that a prior judgment is merely evidence of its rendition and no more. *Restatement of Security* § 139 (1941); *Rode v. National Security Corp.*, 154 F.Supp. 10, 13 (D.Minn.1957); *First National Bank and Trust Co. v. National Surety Corp.*, 25 F.Supp. 392, 395 (D.Minn. 1938); *Gilloley v. Sampson*, 281 N.W. 3, 8 (Minn.1938).

While a majority of courts probably hold with the prima facie rule,[1] our Kentucky courts in the past have declined to go that far in helping a judgment creditor prove its case against a surety. Other states have

---

1. The courts of Minnesota are "fence riders" in that they have apparently adopted the no evidence rule in all suretyship cases with the exception of official bonds; there, a prior judgment against a principal is prima facie evidence against a surety. *Rode,* 154 F.Supp. at 13; *Gilloley,* 281 N.W. at 8.

come down, like Kentucky, short of the prima facie rule. For example, a prior judgment against a principal: 1) was inadmissible evidence of facts litigated, *C–E Building Products, Inc. v. Seal-Rite Aluminum Products of N.H., Inc.,* 114 N.H. 150, 316 A.2d 198, 199 (N.H.1974), *see also* 10 S. Williston, *Contracts* § 1256 at 817 (3d ed. 1967); 2) was no evidence, *Rode,* 154 F.Supp. at 13, *First National Bank and Trust Co.,* 25 F.Supp. at 395, *Gilloley,* 281 N.W. at 8, *Farley v. Patterson,* 166 App. Div. 358, 152 N.Y.S. 59, 60 (1915), *Rodini v. Lytle,* 17 Mont. 448, 43 P. 501, 502 (Mont. 1896); 3) did not create a rebuttable presumption, *United States v. Hayes,* 369 F.2d 671, 675 (9th Cir.1966).

In Kentucky, "[t]he courts have ... held that a default judgment against the principal does not establish a prima facie case in an action against the surety." 74 Am. Jur.2d *Suretyship* § 154 (1974), citing *Kentuckiana Sales, Inc. v. Security Insurance Co. of New Haven,* Ky., 394 S.W.2d 744 (1965). *Kentuckiana* dealt with a fidelity bond, and there a principal entered a guilty plea in a conversion action; his employer also filed a civil suit against him and obtained a default judgment. The Court of Appeals would not allow the introduction of either the guilty plea as substantive evidence or the judgment in the civil proceeding. The court stated that the default judgment against the principal would not make out a prima facie case against the surety. *Kentuckiana,* 394 S.W.2d at 749.

Most of the Kentucky cases are very old and deal with various kinds of bonds, but can still give the court some direction.

The Kentucky Court of Appeals in 1861 decided a case in which a tavern keeper was fined $300 for breach of obligation of performance of duties. There the court held that a surety not a party to the proceeding was not affected by the judgment. The case was governed by a statute requiring ten days notice of the proceeding to both the principal and the surety. The court reasoned that each had the right to contest the alleged breach. *Margoley v.*

*Commonwealth,* 60 Ky. 365 (3 Met. 405, 406) (1861).

In *City of Paducah v. Jones* 126 Ky. 809, 104 S.W. 971 (1907), Paducah issued a warrant against the principal Jones for selling liquor on Sunday. Jones admitted guilt and was fined, and the city subsequently brought an action against the surety upon the bond. The court held the surety was not barred by Jones' confession from trying to show there had been no breach of the bond. Since the surety was not a party to the earlier proceeding, it would not be precluded now from litigating the question of breach since its liability depended on that finding. *City of Paducah,* 104 S.W. at 972.

However, a Kentucky case in which a judgment against a principal was held to be prima facie evidence against the surety is *Grayham v. Washington County Court,* 39 Ky. (9 Dana) 182 (1839). This case is distinguishable from *Margoley* and the *City of Paducah* because the court in *Grayham* stated that the statutorily prescribed settlement between the county court and the sheriff was prima facie evidence against the sureties *because of their relation of privity* with the sheriff. *Grayham,* 39 Ky. at 183.

From the foregoing cases, it appears that Kentucky courts have held with the no evidence rule, at least when the judgment against the principal has been by default, and this Court cannot disturb that trend.

Appellee would have us believe that the judgment against the sheriff was not a default judgment because the decision of January 29, 1985, was based on the pleading, affidavits, and the record, and therefore was on the merits. The Kentucky Civil Rules read as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these Rules, the party entitled to a judgment by default shall apply to the court therefor.... If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of

damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court, without a jury, shall conduct such hearings or order such references as it deems necessary and proper

....

CR 55.01. Additionally, "where there has been a proper default, the taking of ex parte proof on which to base a judgment does not make the judgment other than one by default." 49 C.J.S. *Judgments* § 187 (1947) (footnote omitted). Thus, we conclude that the judgment of January 29, 1985, holding the sheriff liable for wrongful execution was a default judgment.

A case decided in 1981 by the District Court of Appeal of Florida fits the instant situation; however, that court chose the prima facie rule. When a principal in a construction performance bond failed to perform under the terms of the contract with the insured, the insured sought to recover under the bond. The insured obtained a default judgment against the principal and subsequently obtained a summary judgment against the surety, even though the surety filed an answer to the original complaint before the final judgment was entered in that action. *Heritage Insurance Co. of America v. Foster Electric Co.*, 393 So.2d 28, 29 (Fla.Dist.Ct.App. 1981). The Florida court delineated the existing decisions:

> [A]uthorities are in conflict concerning the legal effect on a surety of a default judgment against its principal. A default judgment has been considered conclusive: *United States Fidelity & Guarantee Co. v. St. Mary's Hospital of Tucson*, 10 Ariz.App. 346, 458 P.2d 966 (1969); *Massachusetts Bonding & Insurance Co. v. Central Finance Corp.*, 124 Colo. 379, 237 P.2d 1079 (1951); the judgment has been held inadmissible: *United States ex rel. Vigilanti v. Pfeiffer-Neumeyer Construction Corp.*, 25 F.Supp. 403 (E.D.N.Y.1938); and the judgment has been considered prima facie evidence that the surety is liable: *Seaboard Surety v. Westwood Lake, Inc.*, *supra* [277 F.2d 397 (5th Cir.1960) ]; *Escambia*

*Chemical Corp. v. Rocker*, 124 Ga.App. 434, 184 S.E.2d 31 (1971). Prima facie evidence may be contradicted by the surety. *Escambia Chemical Corp. v. Rocker, supra.*

*Heritage Insurance Co.*, 393 So.2d at 29. In *Heritage* the court stated that the surety was on notice of the fact of the underlying suit but evidently was unable to defend. In the case at bar, there was no evidence or assertion that appellant knew of the action against the sheriff. The court in *Heritage* adopted the rule of prima facie evidence if the surety had knowledge of the suit but lacked an opportunity to defend. *Id.*

Other cases support the prima facie rule and hold that a judgment, default or otherwise, against a principal is merely prima facie evidence in a suit against the surety, at least when there was no notice to the surety nor an opportunity to defend the underlying action. *See Frederick v. United States*, 386 F.2d 481 (5th Cir.1967); *Lake County v. Massachusetts Bonding and Insurance Co.*, 75 F.2d 6 (5th Cir. 1935); *Von Engineering Co. v. R.W. Roberts Construction Co.*, 457 So.2d 1080 (Fla. Dist.Ct.App.1984); *P.R. Post Corp. v. Maryland Casualty Co.*, 403 Mich. 543, 271 N.W.2d 521 (Mich.1978). A Connecticut court even went so far as to say that a previous judgment against a principal is only prima facie evidence against the surety even though the surety knew of and participated in the previous action but was not a party. *MacDonald v. Standard Accident Insurance Co.*, 19 Conn.Sup. 257, 111 A.2d 347, 350 (Conn.Super.Ct.1955).

Cases holding that a judgment against a principal is conclusive as to the surety when the surety has notice and an opportunity to defend are *Frederick*, 386 F.2d at 481; *Lake County*, 75 F.2d at 8; *Von Engineering Co.*, 457 So.2d 1082. These cases state however that the surety may still defend on the basis of fraud or collusion.

■ Considering the divergent case law, this Court concludes that a default judg-

ment against a public official principal on a general performance bond is no evidence against the surety in a subsequent action when the surety had no notice or opportunity to defend the action against the principal.

Concerning whether interest should have been granted from the date of the judgment against the sheriff, appellant argues there was no final judgment until the final adjudication against the surety was entered. This Court believes that *McKenzie v. Commonwealth*, Ky., 373 S.W.2d 595, 600 (1963), and *Commonwealth v. Slack*, Ky., 291 S.W.2d 553, 556 (1956), are dispositive of this issue. Both these cases dealt with public official bonds and held the surety liable for interest from date of judgment against the principal.

Had appellant been afforded notice and an opportunity to defend the action against the sheriff and had done so and lost, then we would say the interest runs from January 29, 1985. However this point is moot given the finding that the appellant has not had its day in court.

■ Concerning damages, appellant correctly argues that an action for damages brought pursuant to Kentucky Statutes § 1716 (the precursor to KRS 426.350) must allege and prove that appellee was damaged. *Barnett v. Gilbert*, 280 Ky. 402, 133 S.W.2d 529 (1939). In addition, appellee must

prove the value of the property on which the sheriff failed to make the levy, thereby furnishing a criterion by which to determine the amount of his damage. Negligence of a sheriff in failing to make a levy, or in permitting property on which he levies to become lost, renders the sheriff *liable to the extent of the value of the property. Bales v. Peters,* 4 Ky.Op. 679.

*Barnett,* 133 S.W.2d at 530. "In an action for failure to return a writ of execution, the burden is upon the [appellee] to establish that there was property subject to levy which the officer failed to seize, and the value thereof." 70 Am.Jur.2d *Sheriffs, Police, and Constables* § 190 (1973) (footnote omitted). Appellee here had the burden of proof to show that the original judgment debtors had property the sheriff could have seized. Appellee has made no such showing.

The judgment of the Franklin Circuit Court is reversed and remanded for a new trial in which the surety may interpose any defense either the surety or the principal could have made in an action brought by appellee against the sheriff.

All concur.