LARRY VAUGHN GEARHART DBA EAGLE CONTRACTING; AND AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, A PENNSYLVANIA CORPORATION, APPELLANTS, *v.* PIERCE ENTERPRISES, INC., A CALIFORNIA CORPORATION, RESPONDENT.

No. 18905

September 6, 1989                    779 P.2d 93

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Appellants.

*Richard McKnight,* Las Vegas, for Respondent.

## OPINION

By the Court, STEFFEN, J.:

The central issue presented by this appeal is a question of first impression in this court. We are asked to determine the legal effect upon a surety of a default judgment entered against its principal. After reviewing the relevant case law and the facts and circumstances of this particular case, we conclude, *inter alia,* that a default judgment against a principal is not conclusive as to its codefendant surety.

Both Pierce Enterprises and Larry Gearhart are licensed Nevada contractors. In conjunction with Nevada contractor licensing requirements, Gearhart purchased surety bonds from appellant American Casualty Company.

In 1985, Pierce Enterprises entered into an agreement with Gearhart to act as a subcontractor and to perform certain work on a particular construction project. After allegedly performing pursuant to their agreement, Pierce Enterprises maintained that Gearhart had failed to fulfill its part of the bargain. In July, 1986, after repeated demands, Pierce Enterprises brought action for damages against Gearhart and American Casualty Company.

Appellants retained a Las Vegas, Nevada, attorney and the attorney answered Pierce Enterprises' amended complaint on behalf of both appellants.[1]

Pierce Enterprises requested that Gearhart answer certain interrogatories. However, Gearhart failed to do so and Pierce Enterprises filed a motion to compel. The motion was granted and an order issued to compel answers. Nonetheless, Gearhart failed to comply with the order and Pierce Enterprises moved for NRCP 37(b) sanctions and requested that the lower court enter default judgment and strike appellants' answers. Following a hearing and a limited grace period to provide proper responses to interrogatories, the lower court ruled in Pierce Enterprises' favor, entered default judgment, struck appellants' answer and awarded damages. This appeal followed.

A review of the principles of suretyship and the effect upon a surety of a default judgment entered against its principal reveals substantial controversy. *See* Ohio Cas. Ins. Co. v. Kentucky National Resources, 722 S.W.2d 290, 292 (Ky.App. 1986); Annotation, *Conclusiveness and effect upon surety, of default or consent judgment against principal,* 59 A.L.R. 752 (1958); 72 C.J.S. Principal & Surety § 192 (1987). As the court in Heritage Ins. Co. v. Foster Elec. Co., Inc., 393 So.2d 28, 29 (Fla.Dist. Ct.App. 1981), explained:

> [A]uthorities are in conflict concerning the legal effect on a surety of a default judgment against its principal. A default judgment has been considered conclusive: *United States Fidelity & Guarantee Co. v. St. Mary's Hospital of Tucson,* 10 Ariz. App. 346, 458 P.2d 966 (1969); *Massachusetts Bonding & Insurance Co. v. Central Finance Corp.,* 124 Colo. 379, 237 P.2d 1079 (1951); the judgment has been held inadmissible: *United States ex rel. Vigilanti v. Pfeiffer-Neumeyer Construction Corp.,* 25 F.Supp. 403 (E.D.N.Y. 1938); and the judgment has been considered prima facie evidence that the surety is liable: *Seaboard Surety v. Westwood Lake, Inc., supra; Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434, 184 S.E.2d 31 (1971). Prima facie evidence may be contradicted by the surety. *Escambia Chemical Corp. v. Rocker, supra.*

The foregoing notwithstanding, we conclude, given the facts and equitable considerations of this case that the default judgment entered against Gearhart is not binding upon his surety, American

---

[1]Appellate counsel did not represent appellants in the action below.

Casualty Company. *See* United States ex rel. Vigilanti v. Pfeiffer-Neumeyer Const. Corp., 25 F.Supp. 403, 404-405 (E.D.N.Y. 1938); *Heritage Ins. Co.,* 393 So.2d at 29; Sutter v. Hill, 101 N.E.2d 502, 504 (Ohio 1951); Kliks v. McCaffrey, 350 P.2d 417, 418 (Or. 1960); Restatement of Security, Chapter 5 § 139(3) (1941).

At the outset, it is important to recognize that American Casualty Company was not defending for Gearhart but was defending its own potential liability. *See Kliks,* 350 P.2d at 418. Additionally, American Casualty Company was not responsible for Gearhart's failure to comply with the lower court's discovery order. Hence, Gearhart's default cannot be imputed to American Casualty Company. *See* Doyle v. Jorgensen, 82 Nev. 196, 203 n.11, 414 P.2d 707, 711 n.11 (1966) (the defaulting actions of one defendant cannot be imputed to another who behaves properly). *See also Pfeiffer-Neumeyer Const. Corp.,* 25 F.Supp. at 405. Finally, although American Casualty Company knew about the lawsuit and presumably knew about the prospect of a default judgment against Gearhart, because it was not responsible for Gearhart's derelictions, it was not required to defend against such a contingency.

We further conclude that although Gearhart may have been properly defaulted, it was improper to enter a default judgment until the matter had been adjudicated with respect to codefendant American Casualty Company. *See* Diamond Nat'l Corp. v. Thunderbird Hotel, Inc., 85 Nev. 271, 275, 454 P.2d 13, 16 (1969) (if one joint debtor defaults, no separate judgment may be entered against him since the remaining joint debtors have the right to defend for all of them). *See also* Nichiro Gyogyo Kaisha v. Norman, 606 P.2d 401, 403-404 (Alaska 1980); Reliance Ins. Cos. v. Thompson-Hayward Chem. Co., 519 P.2d 730, 736 (Kan. 1974); 6 J. Moore, W. Taggert & J. Wicker, Moore's Federal Practice paragraph 55.06 (1976); 10 C. Wright & A. Miller, Federal Practice and Procedure § 2690 (1973). Hence, in addition to the improper entry of default judgment against American Casualty Company, it was also error to enter default judgment against Gearhart.

Finally, although appellants have alleged other errors below, because of our holding it is unnecessary to discuss and decide these additional points.

Accordingly, the judgment of the district court is reversed and the matter is remanded for a trial on the merits.

YOUNG, C. J., and SPRINGER and ROSE, JJ., concur.

M owbray, J., dissenting:

Respectfully, I dissent.

Respondent sued appellants, a contractor and his surety, for damages. Appellants retained the same counsel to defend the suit. Respondent requested that the contractor answer interrogatories. Almost a year passed, during which time the district court ordered the contractor to answer the interrogatories, extended the time to answer, and finally when the interrogatories remained unanswered, entered default judgment against appellants.

I would hold that a surety's liability on a construction contract is generally coextensive with that of its principal where, as here, the surety had notice and an opportunity to defend the action and the judgment was not procured by fraud or collusion. *See* Kentucky Insurance Guarantee Association v. Dooley Construction, 732 S.W.2d 887 (Ky.Ct.App. 1987). Therefore, I would affirm the decision of the district court.